This is a compensation suit in which plaintiff claimed to have been totally and permanently disabled as the result of an accident suffered while in the scope and course of his employment. The defendants are plaintiff's employer and his liability insurance carrier.
After trial there was judgment in favor of plaintiff and against the defendants fixing compensation at the rate of $20.00 per week for the period of plaintiff's disability not exceeding 300 weeks, from which judgment defendants have appealed. Plaintiff has answered the appeal, praying that the judgment be amended to the extent of providing recovery for the period of plaintiffs disability not to exceed 400 weeks.
While working as a derrick man on a well being drilled by the defendant employer on January 22, 1946, plaintiff sustained a severe blow on the left leg from a broken piston rod of the mud pump on the rig, which resulted in a fracture of the tibia and a compound fracture of the fibula between the knee and the ankle. He was immediately hospitalized, and the treatment accorded him necessitated an open reduction of the fracture and the placing of a metal plate on the bone, affixed by screws. Plaintiff received compensation at the rate of $20.00 per week until November 5, 1946, at or about which time he returned to work for defendant employer. On or about January 7, 1947, plaintiff was forced to discontinue his work, allegedly by reason of his pain and suffering and the inability to properly perform his duties, and, subsequently, instituted this suit. *Page 712 
There is no dispute as to the accident, the injury or the rate of pay, and the only issue presented by the instant case involves the existence vel non and the extent of plaintiff's disability.
[1,2] The burden is upon plaintiff in compensation cases, as well as in other civil matters, to establish his claims with reasonable certainty by a preponderance of proof. We fully agree wtih the findings of the District Judge to the effect that this burden has been adequately discharged by plaintiff in the instant case.
It is true that the only medical testimony in the record, presented by two distinguished surgeons who testified on behalf of defendants, and who were the only witnesses in support of defendant's contentions, is clear on the point that there appear to be no objective symptoms of disability. Despite the findings of the physicians on this point, we are of the opinion that plaintiff has established his claim as to the existence of physical pain and suffering. There is not the slightest indication in this record that plaintiff is a malingerer. He is shown to be a man of about 36 years of age; his family consists of his wife and four children; he has been an oil field laborer for a long period of time and at the time of his injury was earning wages approximating $76.00 per week.
Since pain is purely a subjective symptom, medical science is not always able to determine its actual existence. But the mere fact that objective symptoms fail to disclose conclusive evidences of pain is not in itself sufficient, by any standard, to justify a finding that such pain does not exist.
In a determination of a matter of this nature therefore, it is essential that the courts carefully scrutinize all the evidence which bears upon this point. In the case before us we feel that plaintiff has evidenced his good faith by returning to work and attempting to perform his duties over a period of some two months. His testimony, and the testimony of one of his fellow employees during this time, which testimony is uncontradicted, is convincing to the effect that he was unable to do the work required of him during this period or to perform his duties in a satisfactory manner.
Additionally, the testimony of plaintiff's wife and several of his neighbors in the small community where he lived, who had known him for long periods of time, which testimony is also uncontradicted, discloses the fact that plaintiff has consistently given the appearance and has frequently complained of being in pain; that he has walked with a sort of hobbling or hopping gait, and that he has tired easily.
One of defendant's medical witnesses testified that he would not recommend immediate heavy work on the part of plaintiff but indicated that exercise of the injured member might strengthen it to the point where plaintiff could again perform heavy labor. We think the record clearly establishes the fact that plaintiff has done his part along this line, nor is there the slightest indication that the lack of strength and the asserted pain in his injured leg are due to any failure or lack of effort on his part.
[3] Under the facts which we find have been clearly established in this case, there does not appear to be any means of fixing a definite period of duration of plaintiff's disability with any approximation of accuracy. For this reason, we are of the opinion that the District Judge was in error in limiting the allowance of compensation to 300 weeks.
Defendants in this case are fully protected by the rights accorded them under the Workmen's Compensation Statute, Act No. 20 of 1914, as amended, in the event of plaintiff's recovery to such extent as will permit him to return to work, and, for this reason, they cannot be prejudiced by the allowance of compensation for such period of time as plaintiff's disability may endure up to the full period allowed by law.
For the reasons assigned the judgment appealed from is amended by increasing the period for which compensation will be allowed to not more than 400 weeks, and, as amended, is affirmed at appellant's cost.
KENNON, J., absent. *Page 754