HARDY, Judge.
This is a compensation suit in which plaintiff claims permanent and total disability. After trial there was judgment in favor of defendants rejecting the demands of plaintiff, from which judgment he brings this appeal.
There is no dispute as to the employment, rate of pay and the occurrence of the accident. Plaintiff, an illiterate Negro, 43 years of age, with a wife and two children, was a common laborer employed by the defendant Blythe Bros., contractors, at wages in excess of $50.00 per week. On or about October 22, 1948, while engaged in pushing a wheelbarrow, plaintiff was knocked from an elevated runway as the result of a collision with a Georgia Buggy, which was being moved in an opposite direction by a fellow employee. The runway was some 12 feet from the ground level, and, in falling, plaintiff’s back struck a 2x4 brace supporting the runway, after which contact plaintiff fell the remainder of the distance to the ground, again striking his back and, apparently, his head. Plaintiff was removed to the hospital where he remained for several days, after which he was confined to his bed at his home for a period of approximately a month, more or less, following which time he was able to get about with the aid first of crutches and then of a cane or stick. He was treated by the company physicians and was discharged as recovered on December 16, 1948, at which time payments of compensation, which had been made since the date of the accident by the employer’s insurer, were discontinued.
The points at issue concerned the frequently recurring questions involving back injuries of which there appear to be few, if any, objective symptoms, continued complaints of pain and incapacity on the part of the injured employee, and the usual difference of opinion between medical experts.
In a very brief expression of his reasons for judgment, the learned District Judge concluded that the plaintiff in this case had failed to discharge the required burden of proof.
 Concededly, the general rule that the plaintiff in a compensation case is required to prove his claim by a preponderance of evidence is now so firmly imbedded in our jurisprudence as to admit of no question. In instances where the nature and extent of the injuries produce objective symptoms upon which a firm and definite conclusion may be predicated by expert witnesses, the difficulty of reaching a satisfactory conclusion is considerably lessened. But, as has been many times observed by our courts, the existence of pain is a matter which cannot be resolved with any certainty, either one way or the other, by medical experts. Accordingly, our courts have wisely established the rule that surrounding circumstances and the testimony of lay witnesses must be carefully scrutinized in the effort to reach the truth.
In the instant case plaintiff’s claim of disability was supported by the testimony of two competent and qualified physicians on the basis of their examinations. Exactly the opposite conclusion was reached by four competent and qualified medical experts who testified on behalf of defendants. In addition, defendants tendered the testimony of an X-ray expert to the effect that the X-ray films disclosed no fractures or other physical injuries.
*161 The District Judge apparently predicated his opinion on the preponderance of the medical testimony in favor of defendants.
Nevertheless, we are impressed with the fact that the testimony of plaintiff himself is consistent and reasonable. His insistence of inability to work and of attendant pain and suffering as the result of his injuries was corroborated by his wife, by a roomer in his home, by two neighbors, and by the driver of a cab in which he had been transported many times to doctors for examination and treatment. There is nothing in the examination of these witnesses which would adversely reflect upon the credibility of their testimony, and,’ in our opinion, such testimony is entitled to considerable weight.
As a practical proposition the nature of the accident itself is persuasive. It would be exceedingly unreasonable to conclude that back injuries sustained in a twelve foot fall would be of minor consequence entailing disability of only a few weeks.
We believe plaintiff’s good faith is further reflected in the fact that only a short time prior to the trial of this suit he made the effort to engage in manual labor, and, as a matter of fact, actually worked for some ten days for a lumber company. The work as described by plaintiff was very light manual labor, but plaintiff testified that he was unable to continue even this effort because of the pain which he suffered. No attempt was made on the part of defendants to controvert these facts as related by plaintiff. This circumstance we think further militates strongly against any finding of malingering on the part of plaintiff. Surely it would be inconsistent with the design of a malingerer to make any effort to work, particularly at such a short time before the trial of his case. And it must be borne in mind that it is well established by our courts that a compensation claimant is not stigmatized as a malingerer in the absence of clear, convincing and conclusive proof. In our opinion the facts in this case do not accord with such an idea.
In McCray v. Yarbrough et al., La.App., 20 So.2d 447, 449, we made an observation which we think is appropriate to the instant matter: “It is quite true that symptoms of pain of necessity are subjective in nature, and the existence, vel non, of pain is a fact known with absolute certainty only by the individual who claims to experience pain. However, as a practical proposition, complete faith cannot be accorded to claims of an injured party as to the existence of the pain simply upon the basis of his own testimony, and, for that reason, it is required that such evidence be strengthened . by corroborative circumstances and testimony which would lead to an acceptance of such claims.”1
In the cited case we found that the necessary support had not been produced on behalf of plaintiff. We are of quite the opposite opinion in the instant cause.
On the basis of the record before us, we do not find that we would be justified in fixing any definite period of duration of plaintiff’s disability. However, as we observed in Wynn v. Vaughn et al., La.App., 33 So.2d 711, the defendants are fully protected by the rights accorded them under the statute in the event of plaintiff’s recovery to an extent which would permit him to return to work and therefore cannot be prejudiced by the allowance of compensation on the basis of permanent, total disability.
Although plaintiff has prayed for the allowance of the sum of $500.00 for medical treatment and expenses, we do not find that there is any evidence in the record in support of this item.
For the reasons assigned the judgment appealed from is reversed and there is now judgment in favor of plaintiff, Terry Price, and against the defendants, Blythe Brothers and Standard Accident Insurance Company, in solido, awarding compensation at the rate of $30.00 per week for the period of disability not exceeding 400 weeks from dáte of October 22, 1948, with 5% per annum interest upon such weekly installments from the respective due dates thereof until paid, together with all costs.
It is further ordered that the contract and agreement' between plaintiff and his attorney of record providing for a fee based upon the maximum amount allowed by law be, and it is hereby, recognized and approved.' ■