GARRISON, Judge.
This is an appeal from a judgment of the district court dismissing plaintiff’s workmen’s compensation action to recover for injuries sustained by him on August 25, 1975. As the cause of action arose prior to the September 1,1975 effective date of the 1975 amendments, this case is governed by the “old” compensation law.
The parties stipulated that plaintiff was injured in the course and scope of his employment, that plaintiff fell from a beam landing on his left hand and arm, and that after treatment plaintiff had a 20% permanent partial disability.
Prior to trial defendant paid to plaintiff $5,167.18. Plaintiff claimed that should he be found permanently partially disabled, then he was entitled to benefits for “loss of a hand” under R.S. 23:1221(4)(e). Plaintiff argued that the total amount owed was $6,957.00, so that defendant owed to plaintiff $1,789.82 at the time of trial. Six months after judgment was rendered, defendant sent a check for $1,342.98 to plaintiff. Defendant stated that a previous error had been made in computation.
On appeal, plaintiff claims that he is still owed $446.84 and that penalties and attorney’s fees should be assessed against defendant on the grounds that defendant arbitrarily refused to pay plaintiff. Additionally, plaintiff argues that the trial court erred in failing to find him permanently and totally disabled.
We agree with plaintiff that he is due the amount of $446.84.[1] We cannot conclude, however, that he is entitled to penalties and attorney fees inasmuch as he offered no proof that defendant’s refusal was arbitrary. Indeed, there is no arbitrary refusal, but rather a clerical error occurred which defendant voluntarily sought to correct. Defendant does not contest that plaintiff had partial permanent disability.
Turning to the last specification of error we cannot conclude that Mr. Bozeman was totally and permanently disabled by the accident in question. Defendant contended that a shoulder injury suffered by plaintiff was not the result of the accident at issue. We agree.
Both medical experts, Dr. Ruel and Dr. Adatto refused to attribute the shoulder injury to the accident at issue. Dr. Ruel refused to relate the injury on the grounds that there were no shoulder complaints until some 8 months after the accident and that the period of time was too remote from the date of the accident. Likewise, Dr. Addatto testified that it was impossible to pinpoint the origin of the shoulder injury arid that most probably the shoulder problem was a pre-existing condition. While there is some testimony to the contrary, we cannot conclude that the trial judge was manifestly erroneous in his assessment of credibility. Canter v. Koehring Co., 283 So.2d 716 (1973).
For the reasons discussed the judgment below is reversed and we render judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, TRAVIS DREN-NEN BOZEMAN, and against the defendants, FRUIN-COLNON CONSTRUCTION CO. and UNITED STATES FIDELITY & GUARANTY CO., in the amount of FOUR HUNDRED FORTY-SIX AND 84/100 ($446.84) DOLLARS, plus legal interest from the date of judicial demand.

REVERSED AND RENDERED.

. Average Earnings: 356.80 X 65% = 231.92
231.92 X 20% = 46.38
46.38 X 150 = $6,957.00
$6,957.00 - 5,167 = $1,789.82
$1,789.82 - 1,342.98 = $446.84