WILLIAMS, Judge.
This case arises from the trial court’s denial of plaintiff’s motion to make payments executory in a worker’s compensation award. The denial follows from a judgment, in plaintiff’s favor, awarding “.. . compensation for a period not to exceed two hundred (200) weeks at the rate of 66%% of wages paid for permanent partial disability of 15%...” dating from the date of the injury.[1] The judgment, and subsequent denial of plaintiff’s motion to make the payments executory, were without written reasons.
Plaintiff’s arm was broken while working for defendant. He required two surgical procedures to aid proper healing. During his treatment, from February 8, 1977, through February 8,1978, plaintiff received compensation at the rate of $95.00 per week. Benefits were then reduced to $30.00 per week (the minimum for an arm injury) from February 9, 1978, through April 2, 1980. One additional payment of $75.00 was received on February 28, 1980.
In February, 1979, when the benefits were reduced to $30.00 per week, plaintiff filed suit seeking worker’s compensation payments at the rate of $95.00 per week for his alleged total permanent disability. The judgment rendered by the court concluded that based upon the medical evidence plaintiff had a 15% permanent partial disability and therefore, under the applicable statute (LSA-R.S. 23:1221(4)(f)), plaintiff was entitled to compensation for two hundred (200) weeks at the rate of 66%% of wages paid with a permanent partial disability rating of 15%; subject to credit for payments already received. In applying this formula, as defendant’s brief correctly provides, plaintiff is entitled to $6,000.00 ($30.00 per week X 200 weeks). This is the same method followed by this Court in two prior cases, Bozeman v. Furin-Colnon Construction Company, 396 So.2d 416 (La.App. 4th Cir. 1981); Heyman v. Dixie Leasing Corporation, 250 So.2d 118 (La.App. 4th Cir.1971). At the time judgment was rendered on February 12, 1980, plaintiff had received approximately $4,940.00 ($95.00 per week for the time he was considered totally disabled owing to the two surgeries performed on his injured arm). Plaintiff also received approximately $3,360.00 in weekly payments at $30.00 per week for the two year period thereafter, for a total of approximately $8,300.00.
In May, 1980, plaintiff moved the court below to make these benefit payments exec-utory for the period February, 1978, through April, 1980, for the difference ($65.00) between what plaintiff had received ($30.00 per week) and what he alleged he was due ($95.00 per week) by virtue of his alleged permanent total disability and further sought 12% penalty, interest, attorney’s fees, and costs. Plaintiff then timely perfected this appeal of the denial of the motion to make these payments executory.
At the outset, it should be noted that plaintiff has already received more than the schedule of benefits provides as minimum payments ($8,300.00 versus $6,000.00) for his type and degree of disability. LSA-R.S. 23:1221(4)(f).
*1001 There are only two issues to be decided on appeal. First, did the trial court err in its determination of plaintiff’s disability, and second, given plaintiff’s disability, did the trial court apply the proper computation in determining the benefits to be paid?
The trial judge made a credibility determination based upon the medical testimony of the two experts. The medical testimony introduced at trial clearly showed that plaintiff had only suffered 15% loss of use of one arm. Further, the evidence showed plaintiff had some residual disability (15%) to the arm, but, he would not be prevented from performing the same duties as he did prior to his injuries (i.e., driving a pick-up truck only on the employer’s construction site). In summary then, the court found ample evidence of plaintiff’s disability being only partial in nature and, therefore, did not err in its determination of a 15% partial permanent disability rating for plaintiff. On appeal, the standard of review to be applied by this court is as follows:
“In reviewing the questions of fact and conclusions of fact involved in this suit for damages, the Court of Appeal is mandated to leave undisturbed factual findings of the trial court based upon evidence which furnishes a reasonable factual basis for these findings, unless it finds manifest error. ‘Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.’ Canter v. Koehring Co., 283 So.2d 716, 124 (La.1973). If, however, the appellate court concludes that the trial court’s factual findings are clearly wrong, the mere fact that some record evidence appears which would furnish a reasonable factual basis for the contested findings does not require affirmance. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).”
Davis v. Owens, 368 So.2d 1052, 1056 (La.1979).
In the instant appeal, we cannot conclude that the trial court was manifestly erroneous.
The computation of plaintiff’s benefits is also well settled. See Bozeman and Heyman, supra. The computation follows this formula:
Wage Rate X 40 hours per week = average weekly wage
Weekly wage X 66 %% = compensation rate
Compensation rate X disability rating = total compensation due per week (not to be, in this instance, less than $30.00 per week).
Plaintiff has already received more than he is entitled to under Bozeman and Heyman, supra, according to the judgment rendered below which indicated that all payments made up to and through the date of trial were to be counted against defendant’s judgment.
For the reasons discussed, the judgment of the District Court is affirmed.
AFFIRMED.

. Plaintiff did not appeal from the first judgment dated February 12, 1980. He filed his motion to make payments executory on May 5, 1980 and this appeal is from the denial of that motion of March 23, 1981.