446 So.2d 843 (1984)
Morris Lee HARRISON, Plaintiff-Appellee,
v.
CHICAGO MILL & LUMBER COMPANY, Defendant-Appellant.
No. 16010-CA.
Court of Appeal of Louisiana, Second Circuit.
February 21, 1984.
*845 Raymond L. Cannon, Tallulah, for plaintiff-appellee.
Sevier, Yerger & Bishop by Henry C. Sevier, Jr., Tallulah, William D. Carlson, Greenville, Miss., for defendant-appellant.
Before MARVIN and JASPER E. JONES, JJ., and CULPEPPER, J. Pro Tempore.
JASPER E. JONES, Judge.
In this worker's compensation case the defendant, Chicago Mill & Lumber Company, appeals a judgment awarding compensation benefits for present total disability to the plaintiff, Morris Lee Harrison.
The plaintiff answers the appeal seeking penalties and attorney's fees. We amend and affirm.
FACTS
Plaintiff, a laborer, was injured on February 2, 1982 when he was struck in the lower abdominal area by a piece of waste lumber that was protruding from a truck. The plaintiff was standing behind the truck which was backing up. He was pushed by the stick into a trailer which the truck had been pulling but which had become detached from the truck. The plaintiff immediately reported the accident to a co-worker who was driving the truck and within a few minutes after the incident he reported the accident to his supervisor. He worked the remainder of the day. With the exception of October 26 and 27, 1982, he has performed no work since the accident.
Following the accident he experienced pain in the abdominal area and lower back. After the plaintiff arrived home on the day of the accident he observed blood in his urine and was carried to the emergency room of a Vicksburg hospital. He was found to have a contusion in his abdominal midline but no blood was found in his urine.
On February 4th plaintiff began a series of visits to Dr. Walter Johnston, a general practitioner. Dr. Johnston found tenderness, limitation of motion and muscle spasms in plaintiff's back. While under Dr. Johnston's care plaintiff's pain in his abdomen subsided but he continued to experience substantial pain in his back. On March 5th Dr. Johnston referred plaintiff to Dr. John Evans, an orthopedist. Dr. Johnston's final diagnosis was "contusion of the back which is going to be slow in resolving." Dr. Evans treated the plaintiff until December 11th in conjunction with Dr. van den Hoven who commenced assisting him in June. Dr. Evans conducted numerous orthopedic examinations upon plaintiff during this time. Some of these examinations indicated nerve root irritation which Dr. Evans believed to have been caused by disc pathology in the plaintiff's back. Dr. Evans was of this opinion even though an EMG test, a CAT scan, and a myelogram performed in August did not indicate plaintiff had an impaired disc in his back.
On December 3rd Dr. Evans performed an examination upon plaintiff's back and continued to find signs of nerve root irritation and had plaintiff report to the hospital on December 11th for another myelogram and exploratory disc surgery. He did not admit the plaintiff to the hospital because the defendant refused to guarantee payment of this medical expense. Dr. Evans believes the plaintiff to be unable to work due to his back injury. He has maintained this opinion since March with the exception that there were a few days in May and *846 June when he released the plaintiff to return to work.
Dr. van den Hoven treated plaintiff in conjunction with Dr. Evans commencing in June. He is a doctor of physical and rehabilitative medicine and was primarily responsible for plaintiff's treatment between June and December. This doctor saw the plaintiff twice in June, three times in July, once in August, once in September, twice in October, twice in November and once in January, 1983. During the course of these many examinations he found tenderness and limitation of motion in plaintiff's back. The orthopedic tests he performed indicated nerve root irritation. He believed the plaintiff possibly had a disc injury. He expressed the opinion that plaintiff was unable to work. He had been of this opinion throughout the period of this treatment with the exception of a three day period commencing October 25th. Plaintiff had attempted to work October 26 and 27 but because of back pain was unable to continue. He returned to Dr. van den Hoven who on October 28 again found him unable to work.
Dr. van den Hoven had plaintiff examined by Dr. J. Patrick Barrett, a Jackson orthopedist on September 24th. Dr. Barrett expressed the opinion that plaintiff had sustained a lumbar strain which had healed to the maximum extent. He expressed the opinion that plaintiff had "no apparent serious underlying orthopedic pathology." He found the plaintiff able to return to work.
The defendant paid plaintiff compensation benefits from the date of his injury through October 25th, when benefits were terminated at the time Dr. van den Hoven temporarily released plaintiff to return to work. The defendant refused to reinstate compensation benefits. Dr. van den Hoven certified plaintiff as disabled following his examination of October 28.
On December 12th plaintiff filed suit for maximum compensation benefits and for penalties and attorney's fees.
On January 4, 1983, plaintiff was examined by Dr. Douglas C. Brown, a Monroe orthopedist, at defendant's request. This doctor found the plaintiff to have no back disability and believed he was able to work. Because the plaintiff had reacted positive to false tests during Dr. Brown's examination, this doctor expressed the opinion that he was a malingerer.
The defendant made three assignments of error,[1] all of which raise the single issue of whether there was substantial evidence to support the trial judge's determination that plaintiff was disabled. The only other issue presented in this appeal is whether the trial judge erred in denying plaintiff's claim to penalties and attorney's fees.
DID PLAINTIFF ESTABLISH HE WAS DISABLED
The employee in a worker's compensation case has the burden of establishing his disability by a preponderance of evidence. It is not necessary for the experts to determine the exact cause of his disability in order for the employee to recover. It only must be established that the work accident caused the disability. If an otherwise healthy worker suffers an accident at work it is presumed there is a causal connection between the work and the disability as long as the medical evidence establishes a reasonable possibility of such a connection. The presumption is not conclusive but it forces the defendant to come forward with sufficient evidence to *847 rebut it. Allor v. Belden Corp., 393 So.2d 1233 (La.1981) and cases therein cited.
The testimony of the treating physician is entitled to more weight than that of an examining physician who only sees the claimant once. Harris v. Argonaut Insurance Company, 142 So.2d 501 (La.App. 2d Cir.1962); Grigsby v. Argonaut Insurance Company, 297 So.2d 698 (La.App. 1st Cir. 1974); Williams v. Liberty Mutual Insurance Company, 327 So.2d 462 (La.App. 3d Cir.1976).
Lay testimony may be considered along with medical testimony to determine if the plaintiff has met his burden of proof. Tantillo v. Liberty Mutual Insurance Company, 315 So.2d 743 (La.1975); Grigsby v. Argonaut Insurance Company, supra.
The defendant does not deny plaintiff's accident though it questions some of the details of it. Plaintiff immediately reported the accident to a co-worker at the time it occurred and to his supervisor a short time later. A contusion was found on his abdomen by the doctor who examined him in the emergency room on the night of the accident. Dr. Johnston who examined him two days following the accident found tenderness, limitation of motion along with muscle spasms in his back. Dr. John Evans and Dr. van den Hoven, who examined and treated the plaintiff extensively, both found evidence of a disabling back injury. Even Dr. J. Patrick Barrett, whose testimony was produced by defendant, found plaintiff had sustained a back injury diagnosed by him as lumbar strain.
Plaintiff had six lay witnesses who testified that before the accident plaintiff had no trouble with his back and that since the accident he is unable to do many things he did before.
The testimony of Dr. Johnston, Dr. Evans, Dr. van den Hoven and Dr. Barrett all establish a back injury as a result of plaintiff's compensable accident. The testimony of Dr. van den Hoven and Dr. Evans, who are plaintiff's present treating physicians, establish that plaintiff remains disabled by his back injury. Plaintiff's lay witnesses corroborate these physicians. The testimony of Dr. Barrett and Dr. Brown, who each examined the plaintiff only once, found plaintiff able to work. Though they are both orthopedists, their testimony is entitled to less weight than plaintiff's treating physicians, one of whom is also an orthopedist.
Though there was a negative myelogram and two other negative electronic tests performed upon plaintiff's back which failed to confirm that plaintiff has a disc problem, plaintiff's treating physicians consider these tests inconclusive. They each believe the plaintiff has a disabling back injury even though their opinion is based in part upon subjective complaints of plaintiff. They have each performed numerous orthopedic tests designed to determine the existence of nerve root irritation and believe these tests indicate nerve root irritation to exist. Nerve root irritation is often caused by disc pathology. These doctors recommend another myelogram and exploratory disc surgery. The fact they have been unable to positively establish the exact cause of plaintiff's disabling back condition does not result in the conclusion that plaintiff has not established his disability by a preponderance of the evidence.
Defendant contends the plaintiff is not worthy of belief for the following reasons:
(A) details of his accident were not corroborated by a co-worker;
(B) he reported blood in his urine numerous times that his doctors were never able to confirm;
(C) he failed to disclose two prior compensation claims (one in 1978 and one in 1980) on his employment application; and
(D) he failed to return to work when released by his treating physician in the two prior cases and failed to return to work twice, in May and June of 1982, when Dr. Evans believed him able to do so.
Defendant has admitted the accident. The fact plaintiff's co-worker, who was told *848 of the accident at the very time it occurred, was unable to corroborate plaintiff on some of the details is entirely insignificant.
One of plaintiff's doctors explained that it was entirely possible for plaintiff to observe blood in his urine and subsequent tests for the blood in the urine fail to affirm it.
The failure of plaintiff to disclose two prior compensation claims on an application for employment does not establish that he is presently misrepresenting his back disability.
We have reviewed the evidence in the record of the prior compensation claims and they both appear to have been based on well proven accidents creating resulting disability for which plaintiff thereafter received substantial settlements. His failure to immediately return to work following his release by his treating physicians does not establish that he lacks credibility.
We find no error in the trial judge's failure to discredit plaintiff's veracity based upon these contentions of the defendant.
Defendant contends for the reasons A, B, C and D, hereinabove set forth, together with Dr. Brown's testimony that plaintiff reacted positive to false tests, that it has established that plaintiff is a malingerer.
The appellate courts of this state are reluctant to brand as a malingerer a compensation claimant who has been held to be disabled, and will not do so unless the trial court's finding is manifestly erroneous. Pringle v. Milner-Fuller, 7 So.2d 253 (La.App. 2d Cir.1942). See also, Yelverton v. Louisiana Cent. Lumber Co., 19 La. App. 21, 138 So. 684 (2d Cir.1932). The claimant will not be so stigmatized in the absence of positive and convincing evidence. Miller v. United States Fidelity and Guaranty Co., 99 So.2d 511 (La.App. 2d Cir.1957); Istre v. Molbert Brothers Poultry and Egg Co., 125 So.2d 436 (La. App. 3d Cir.1960). See also, Price v. Blythe Bros., 46 So.2d 159 (La.App. 2d Cir.1950); Williams v. Texsun Supply Corporation, 47 So.2d 93 (La.App. 1st Cir. 1950); Yelverton v. Louisiana Cent. Lumber Co., supra.
For the reasons given by us in our initial discussion of these contentions, together with the fact that plaintiff's treating physicians in their examinations found evidence of back disability, we find no manifest error in the trial judge's refusal to find plaintiff a malingerer.
The trial court's determination of disability is supported by substantial evidence in the record and we find no manifest error in this factual determination.

PENALTIES AND ATTORNEY'S FEES
Plaintiff seeks penalties and attorney's fees for defendant's termination of his benefit after October 24, 1981. In her written reasons the trial judge found defendant arbitrary and capricious and then rejected this part of plaintiff's claim because she found that the employer's action was not intentional. Plaintiff claims the trial judge used the wrong standard in deciding this issue. We agree. An employer shall be liable for penalties and attorney's fees for terminating benefits when its action is arbitrary, capricious or without probable cause. La.R.S. 23:1201.2. See also, La.R.S. 22:658. Whether the employer's action is intentional has nothing to do with the issue.
Whether or not a termination of or refusal to pay benefits is arbitrary, capricious or without probable cause depends primarily on the facts known to the employer at the time of its action. Lee v. Smith, 248 La. 16, 176 So.2d 413 (1965); Scott v. Sears, Roebuck & Co., 406 So.2d 701 (La.App. 2d Cir.1981); Edwards v. The Hartford Insurance Company, 445 So.2d 499 (La.App. 2d Cir.1984). The question is ultimately one of fact and the trial court's finding should not be disturbed on appeal absent manifest error. Scott v. Sears, Roebuck & Co., supra; Edwards v. The Hartford Insurance Company, supra. We must, therefore, determine whether the trial court's finding that defendant's termination of benefits was arbitrary and capricious is manifestly erroneous.
*849 At the time defendant terminated compensation on October 25th, plaintiff had been examined on September 24th by orthopedist Dr. J. Patrick Barrett who found no underlying orthopedic pathology. Dr. Barrett found plaintiff able to return to work. In addition to Dr. Barrett's opinion defendant was aware of the facts upon which it based its malingering defense which, while insufficient to establish that defense, they did, when combined with Dr. Barrett's opinion, establish a serious question as to plaintiff's continuing disability beyond October 25. We further note that Dr. Brown's examination of January 4, 1983 corroborated Dr. Barrett's opinion.
The termination of or failure to pay benefits is not arbitrary and capricious when it is based upon substantial bona fide factual contentions. See Saia v. Hartford Accident and Indemnity Company, 214 So.2d 173 (La.App. 4th Cir.1968).
We find the judgment correctly rejected plaintiff's claim for penalties and attorney's fees.
The judgment states that the plaintiff is "presently totally disabled" and though neither litigant complains of this identification of plaintiff's disability we find it ambiguous. The evidence establishes plaintiff is entitled to an award of compensation because his injury produced permanent total disability under the provisions of La. R.S. 23:1221(2). See Bourgeois v. Fireman's Insurance Co. of Newark, N.J., 316 So.2d 3 (La.App. 1st Cir.1975); Montgomery v. Delta Concrete Products Co., Inc., 290 So.2d 769 (La.App. 1st Cir.1974).
In order to correct this ambiguity we amend paragraph two of the judgment to read as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Morris Lee Harrison, and against defendant, Chicago Mill and Lumber Company, adjudging plaintiff as permanently totally disabled from injuries he sustained while in the employment of defendant, Chicago Mill and Lumber Company and is entitled to benefits as provided in La.R.S. 23:1221(2)."
As amended the judgment is affirmed at plaintiff's cost.
NOTES
[1] Specification of Error No. 1:

The Trial Court erred in its complete disregard of the testimony given by the only eye witness to the alleged accident whose testimony attacks, with clarity, the credibility of the claimant.
Specification of Error No. 2:
The Trial Court erred in concluding that the medical testimony was in substantial conflict and therefore further erred in according significant weight to the testimony of lay witnesses.
Specification of Error No. 3:
The Trial Court erred in its failure to consider and carefully analyze the claimant's "pattern of behavior" in his three asserted compensation claims since 1978. In this regard the Trial Court gave no significance to the fact that claimant persisted in his "complaints" and refused to return to work after being released by his doctors in each of said claims.