KNOLL, Judge.
Fireman’s Fund Insurance Company (hereafter Fireman’s Fund) appeals the judgment of the trial court awarding Ella Ruth Vidrine Fontenot payment of certain workmen’s compensation medical benefits related to injuries her deceased husband, Allen Fontenot, sustained on July 15, 1981; and, penalties and attorney’s fees. The trial court found that medical expenses incurred when Mr. Fontenot was rehospital-ized in October 1981 for obstructive liver disease were related to his work-related accident. Fireman’s Fund contends that the trial court erred: (1) in finding that the medical expenses for the rehospitalization were caused as a result of the July 1981 work-related accident; and (2) in assessing Fireman’s Fund with penalties and attorney’s fees for being arbitrary and capricious in refusing to pay the medical expenses. Mrs. Fontenot has answered the appeal seeking an increase in the award of attorney’s fees. For the following reasons, *1043 we amend to increase the award for attorney’s fees and affirm.
FACTS
Allen Fontenot was injured on July 15, 1981, in the course and scope of his employment with G.L. Manuel Conoco Oil Company. Mr. Fontenot was hit and dragged 30 feet when the truck he was trying to jump start, suddenly shifted into gear and rolled over him. He was taken to the emergency room at Moosa Memorial Hospital in Eunice and immediately transferred to Our Lady of Lourdes Hospital in Lafayette. He sustained bruises on his face, head, chest, abdomen, legs and large lacerations on his back and right flank, knees and ankles; x-rays revealed fractured ribs, bilaterally, 2 through 6 on the left and 2 through 4 on the right, with pulmonary contusions, as well as a severely fractured pelvis and a fracture of the transverse process of L3. While at Lourdes Hospital, he received multiple units of blood. He was later transferred back to Moosa Memorial for further recuperative treatment. Upon discharge on September 4, 1981, it was noted in the discharge summary that Mr. Fontenot was jaundiced.
On October 1, 1981, Mr. Fontenot was readmitted to Lourdes Hospital for treatment of a worsening jaundice condition culminating with an open liver biopsy and the removal of his gallbladder on October 25, 1981. After doing fairly well after discharge from Lourdes, he died at home on November 26, 1981.
The hospital and doctor bills on readmission for treatment of the jaundice were timely submitted to Fireman’s Fund by December 29, 1981, and payment was denied by the insurance carrier on May 12, 1982. These are the only medical expenses at issue in this litigation, and are itemized as follows: Our Lady of Lourdes Hospital, $14,934.64; Dr. Arthur Vidrine, Jr., $1,715; and Dr. James Trahan, $475.
DISABILITY
Fireman’s Fund contends that the trial court erred in finding a causal connection between Mr. Fontenot’s accident in July 1981 and the medical expenses incurred for the subsequent treatment in October of that same year for a liver ailment.
In a workmen’s compensation case the employee must establish by a preponderance of the evidence a connection between his disability and the employment accident he sustained. Prim v. City of Shreveport, 297 So.2d 421 (La.1974). The experts are not required to determine the exact cause of the disability before an employee can recover; nevertheless, the employee must present evidence which preponderates that the work accident caused the disability. Lucas v. Ins. Co. of North America, 342 So.2d 591 (La.1977). Medical testimony relative to the employee’s disability must be weighed in light of other credible evidence of a nonmedical character, such as a sequence of symptoms or events, in order to judicially determine probability. Schouest v. J. Ray McDermott & Co., Inc., 411 So.2d 1042 (La.1982).
There is a presumption that an employee’s disability resulted from an employment accident if prior to the accident the employee enjoyed good health, but subsequent to the accident the symptoms of the disability appear and continuously manifest themselves, provided that the evidence shows a reasonable possibility of causal connection between the accident and the disability. Droddy v. Cliffs Drilling, Inc., 471 So.2d 223 (La.1985); Hammond v. Fidelity & Cas. Co. of New York, 419 So.2d 829 (La.1982). This presumption, however, is not conclusive, and compels the defendant to rebut it with sufficient contrary evidence. Allor v. Belden Corp., 393 So.2d 1233 (La.1981).
In the present case we cannot say that the trial court was clearly wrong in its determination that Mr. Fontenot’s medical expenses incurred in his rehospitalization were causally connected to the July 15, 1981, accident. Latiolais v. Home Ins. Co., 454 So.2d 902 (La.App. 3rd Cir.1984), writ denied, 460 So.2d 610 (La.1984). Prior to the accident Mr. Fontenot had not com *1044 plained of liver trouble, and enjoyed good health. Dr. Vidrine, one of Mr. Fontenot's treating physicians for the July 15 accident, noted in connection with the initial hospitalization at Lourdes in July that Mr. Fonte-not’s laboratory tests showed abnormal results indicative of a liver contusion. In addition Mr. Fontenot received a crushing injury to the chest sufficiently severe to fracture eight ribs. Furthermore, upon release from the original hospitalization the discharge summaries particularly referred to the onset of jaundice, indicative of a liver injury. The trial court’s reliance on the reports of the treating physicians, Drs. Vidrine, Trahan, and Manuel, instead of the insurance company’s medical experts, who only reviewed some of the medical records and never examined Mr. Fontenot, is supported by the record. See Knott v. Welltech, Inc., 428 So.2d 1221 (La App. 3rd Cir.1983). Therefore, we conclude that the trial court did not err in concluding the medical bills for Mr. Fontenot’s rehospitali-zation were causally connected to disability incurred at the time of the original accident.
PENALTIES & ATTORNEY'S FEES
The trial court found that Fireman’s Fund was arbitrary and capricious in failing to pay medical expenses for Mr. Fonte-not’s rehospitalization. Fireman’s Fund contends that it was justified in not paying Mr. Fontenot’s medical expenses for the rehospitalization because there was a serious legal question of whether this treatment was necessitated as the result of the initial accident.
The issue of whether the refusal to pay medical expenses is arbitrary, capricious or without probable cause is a factual one determined upon the merits of each case. If the employer has a bona fide dispute as to whether the injury is compen-sable or if the legal issue involved is complex, penalties will be denied. But refusal without substantial reason or mere protestation that the matter was unclear from a legal standpoint will support an award of penalties and attorney’s fees. Brasseaux v. Argonaut Ins. Co., 432 So.2d 1153 (La. App. 3rd Cir.1983).
Penalties and attorney’s fees are due when medical expenses incurred in a worker’s compensation case are not paid within sixty days after receipt of proof of loss. Allor v. Belden Corp., 382 So.2d 206 (La.App. 3rd Cir.1980), modified in other parts, 393 So.2d 1233 (La.1981).
The last medical bill connected with Mr. Fontenot’s rehospitalization was submitted to Fireman’s Fund by December 29, 1981. Fireman’s Fund’s denial of payment came on May 12, 1982, well beyond the sixty day period provided in LSA-R.S. 22:658. Fireman’s Fund had in its possession medical reports of all Mr. Fontenot’s treating physicians as well as the medical records; even though Fireman’s Fund contends it had a bona fide legal dispute regarding Mr. Fontenot’s rehospitalization, it had no follow up contact with the treating physicians and did not have an outside physician review the records until 11 months after denial of the claim. We find no abuse of discretion in the trial court’s award of penalties and $5000 attorney’s fee.
Appellees have answered the appeal seeking an increase in attorney’s fees to include their representation on appeal. We amend the trial court’s judgment to increase the attorney’s fee to $6000 to cover his appearance in the appellate court.
For the foregoing reasons the judgment of the trial court is amended to increase the attorney’s fee awarded to appellees to $6000. In all other respects the judgment of the trial court is affirmed. All costs of this appeal are assessed against Fireman’s Fund Insurance Company.
AMENDED; AND AS AMENDED, AFFIRMED.