WILLIAMS, Judge.
This is an appeal by plaintiff Mark W. Green from a decision of the trial judge denying him penalties and attorney’s fees for the arbitrary and capricious termination of worker’s compensation benefits by Louisiana Insurance Guaranty Association [“LIGA”] as insurer for Archer-Daniels-Midland Company [“ADM”].
Plaintiff suffered a work-related injury while employed by ADM. He received worker’s compensation benefits from ADM’s insurer. The insurer discontinued benefits, and the matter was subsequently set for trial. The insurer became insolvent, and LIGA assumed responsibility for the payment of benefits. See La.R.S. 22:1375 et seq. LIGA and plaintiff settled the matter prior to trial. In a stipulation which seems to have become part of a judgment, the parties agreed that LIGA would reinstate worker’s compensation benefits to plaintiff and would compensate him for back payments. Continued benefits were dependent upon plaintiff undergoing treatment at the Hotel Dieu Hospital’s Chronic Pain Unit. LIGA could discontinue benefits if plaintiff failed to do this, but agreed to file a rule before doing so. A copy of the judgment and stipulation are attached to LIGA’s brief as exhibit “A”.
Plaintiff applied for entrance into the Unit and was placed on a waiting list. In brief, he asserts that he had to wait because no letter of credit was issued to the hospital by LIGA. LIGA claims that LIGA confirmed its coverage of plaintiff’s treatment to the hospital over the phone. Because of financial problems, plaintiff could not wait for entrance to the program and was forced to return to Tennessee. Approximately two months later, defendant learned that plaintiff had returned home without obtaining the specified treatment. LIGA then discontinued benefits without filing a rule. A hearing was set on February 28, 1986, but continued until May 1, 1986. In May, the trial court awarded benefits from the time of termination (October 22, 1985) until February 28, 1986, the date on which the hearing was originally scheduled. He also ordered that plaintiff be afforded treatment at the Chronic Pain Unit and that he would receive no further benefits unless he obtained the specified treatment. No attorney’s fees or penalties were awarded. It is from this ruling that plaintiff now appeals, alleging two errors in the court below: (1) the trial court should have awarded worker’s compensation benefits until May 1, the date of the *643 actual hearing and (2) attorney’s fees and penalties should have been awarded.
At the heart of this decision is the stipulation entered into between the parties. LIGA claims that it is not a judgment and does not have the force of a judgment. Reading the stipulation carefully, it appears that the trial court and plaintiffs counsel considered it to be a judgment and it probably should have the force of a judgment. Nevertheless in view of the trial court’s determination that this matter is one of miscommunication, his approach in deciding this case may have been reasonable under the circumstances. Plaintiff at no time communicated to LIGA his inability to obtain entrance to the program or his decision to move back to Tennessee. This is in violation of the stipulation/judgment. Defendant did not file a rule to terminate benefits, also a violation of the stipulation/judgment. The trial court’s determination that attorney’s fees and penalties were not justified seems reasonable in this case. The decision to award attorney’s fees and penalties is one of fact, and the trial court’s findings on this issue should not be disturbed on appeal absent a showing of manifest error. Harrison v. Chicago Mill & Lumber Co., 446 So.2d 843, 848 (La.App. 2d Cir.1984) and cases cited therein.
We are concerned about the trial judge’s award of back compensation through February 28, 1986. A review of the record does not reveal that numerous continuances were made solely at the request of plaintiff’s counsel. Other than a notation by the deputy clerk that the hearing had been continued, there is nothing in the record to indicate that either party had requested them. We, therefore, can find no reason for the trial court to have limited the benefits recoverable by plaintiff, and order that he be awarded back benefits through May 1, 1986, the date of the hearing.
For the forgoing reasons, the decision of the trial court is affirmed but amended to award compensation benefits through May 1, 1986 in lieu of February 28, 1986. All costs are assessed against LIGA.
AMENDED AND AFFIRMED.