553 So.2d 1072 (1989)
Wilton KING, Jr., Plaintiff-Appellant,
v.
TRAVELERS INSURANCE COMPANY, Defendant-Appellee.
No. 88-872.
Court of Appeal of Louisiana, Third Circuit.
December 13, 1989.
Felix A. De Jean, III, Opelousas, for plaintiff-appellant.
Dauzat, Falgoust, Steven Bienvenu, Opelousas, for defendant-appellee.
Before DOMENGEAUX, YELVERTON and KING, JJ.
*1073 DOMENGEAUX, Judge.
Wilton King, Jr. filed this workers' compensation suit against Travelers Insurance Company, seeking attorney's fees under La.R.S. 23:1201.2 for the arbitrary and capricious refusal to pay medical expenses. Subsequent to filing his petition, plaintiff revealed that Travelers had failed to pay only one bill, in the amount of $373.00. After trial on the merits, the district judge dismissed plaintiff's suit, finding Travelers did not act arbitrarily and capriciously regarding the nonpayment of this one bill. We affirm.

FACTS
On November 14, 1986, while stocking shelves at Howard Brothers Discount in Opelousas, plaintiff fell from an aluminum ladder, injuring his right shoulder and arm. Travelers, his employer's workers' compensation carrier, began paying disability benefits from that date in the amount of $248.66 per week. By the time of trial, Travelers had paid plaintiff $18,946.91 in compensation benefits and $6,825.90 in medical expenses.
On June 12, 1987, plaintiff's attorney submitted to Travelers three medical bills, including the charge which is the subject of this suit, a $373.00 bill at Lafayette Radiology Associated. Mr. William Boston, the Travelers agent handling plaintiff's claim, testified he took no action regarding the Lafayette Radiology bill because his records indicated it had been paid on February 24, 1987. However, Boston immediately authorized payment of the other two submitted bills. Unknown to the parties at this time, the designation of the Lafayette Radiology bill as "paid" was a clerical error.
On December 14, 1987, the Office of Worker's Compensation notified Travelers of a claim filed by plaintiff with that office. That notice, however, did not inform Travelers as to the nature of plaintiff's dispute. The next correspondence received by Travelers in this matter was in January of 1988, when plaintiff filed the instant suit. Plaintiff's petition alleged only generally the failure to pay medical bills; it did not put Travelers on notice as to which bills had not been paid. Thus, at this point, Travelers had not received any specific information indicating its records were in error. On February 26, 1988, at a motion to continue trial on the merits, plaintiff's counsel identified the unpaid bill. Finally apprised of its error, Travelers paid the bill on February 29, 1988, approximately one year after the expense was incurred.

ATTORNEY'S FEES
La. R.S. 23:1201.2, which permits an award of attorney's fees in certain instances, is applicable to medical expenses as well as to weekly compensation benefits. Scott v. Hartford Accident & Indemnity Company, 302 So.2d 641 (La.App. 3rd Cir.1974); Comeaux v. Cameron Offshore Services, Inc., 420 So.2d 1209 (La.App. 3rd Cir. 1982). To recover attorney's fees, the plaintiff must prove by a preponderance of the evidence that the employer's conduct was arbitrary, capricious and without probable cause. Hale v. Pinecrest State School, 505 So.2d 987 (La.App. 3rd Cir.1987), writ denied, 508 So.2d 68 (La.1987) and 508 So.2d 76 (La.1987).
The record before us contains no evidence of arbitrary and capricious conduct on the part of Travelers. Mr. Boston's uncontradicted testimony establishes that Travelers has never refused payment of any bill submitted by plaintiff. The totality of the circumstances suggests the Lafayette Radiology bill would have been promptly paid, were it not for the clerical error. Travelers timely paid the other two bills submitted with the Lafayette Radiology bill, and that bill was immediately paid once Travelers was informed of its error. We find no arbitrary refusal, where the defendant voluntarily sought to correct the clerical error, and where the defendant has otherwise fully complied with all obligations to the plaintiff, both in compensation payments and in medical expenses. See Bozeman v. Fruin-Colnon Construction, 396 So.2d 416 (La.App. 4th Cir.1981).
In affirming the dismissal of this suit, we do not suggest that every clerical *1074 error will shield an insurer from the imposition of attorney's fees. An insurer may not proceed with an attitude of indifference to the injured employee's condition. Guillory v. United States Fidelity & Guaranty Insurance Company, 420 So.2d 119 (La. 1982). Such indifference may be shown where the insurer refuses to correct an error, once the mistake is brought to its attention. Mallet v. Louisiana Nursing Homes, Inc., 459 So.2d 178 at 182 (La.App. 3rd Cir.1984), writ denied, 463 So.2d 604 (La.1984). In the instant case, plaintiff knew which bill remained unpaid, yet he did not identify it until after he filed suit. Under the scenario presented, plaintiff should not be allowed to augment his compensation claim with attorney's fees.
Whether a refusal to pay medical expenses is arbitrary, capricious and without probable cause is a factual question to be determined upon the merits of each case. Fontenot v. G.L. Manuel Conoco Co., 482 So.2d 1041 (La.App. 3rd Cir.1986). The findings of the trial court on this issue should not be disturbed in the absence of manifest error. Belt v. State, through Louisiana Board of Cosmetology, 493 So.2d 278 (La.App. 3rd Cir.1986), writ denied, 496 So.2d 1044 (La. 1986). Finding no manifest error in the trial court's ruling, we affirm the dismissal of plaintiff's suit.

DECREE
For the above and foregoing reasons the judgment of the trial court is affirmed.
Costs of this appeal are assessed against appellant, Wilton King, Jr.
AFFIRMED.
KING, J., dissents for written reasons assigned.
KING, Judge, dissenting.
I respectfully dissent from the majority opinion finding that defendant is not liable for penalties and attorney's fees for failure to pay medical expenses of plaintiff.
Defendant unquestionably had a legal obligation and duty to pay the medical bills of plaintiff. Despite defendant's own admitted clerical error, after two notices of a dispute over payment it had a duty to investigate and discover its non-payment of plaintiff's medical bills before plaintiff filed suit to compel payment. Its failure to do so should render it liable for penalties and attorney's fees.
A medical bill (hereinafter the medical bill) for plaintiff was submitted for payment to defendant on February 9, 1987. The medical bill was incorrectly marked "Paid" by defendant and placed in its file on February 24, 1987. On June 12, 1987, plaintiff's attorney wrote a letter to defendant which reads in relevant part:
"Enclosed please find the following bills on Wilton King. Kindly place in line in the event payment has not been made."
The letter enclosed three bills including the medical bill previously submitted to defendant on February 9, 1987.
Defendant, upon receipt of this letter only opened its file, noted that the medical bill was marked "Paid," and took no further action. The defendant's earlier clerical error was not discovered by defendant at that time.
By letter dated December 14, 1987, defendant received a notice from the Office of Worker's Compensation regarding a dispute concerning the claim. The letter reads in part:
"Re: LDOL-WC-1008, CLAIM FOR COMPENSATION; LOG #: XXXXX-XXXX CLAIMANT: Wilton King, Jr.
SS#: XXX-XX-XXXX
DATE OF INJURY: 11/13/86
EMPLOYER: Howard Brothers # 18
Dear Mr. Boston:
This office acknowledges receipt of Form LDOL-WC-1008, Claim for Compensation, stating that a bona-fide dispute exists relative to the above captioned claim."
The letter then asked for various information from defendant. Defendant responded to the questions and stated in a separate section, as part of its response, that "... all other medical [is] paid." Again, to obtain information to make its response, defendant merely opened its file and noted that the medical bill submitted *1075 on February 9, 1987 was marked "Paid." Again, defendant's earlier clerical error was not discovered by defendant.
I agree with the majority that the June 12 letter of plaintiff's attorney, because of its wording, "... place in line in the event payment has not been made," (Emphasis added), might not be considered a formal demand for payment which would require that defendant to do more than check its file for information concerning payment of the medical abill. However, I believe that, upon receipt of the letter from the Office of Worker's Compensation notifying defendant of a dispute concerning payment of plaintiff's medical expenses, that defendant then had a further duty, other than merely checking its own incorrect records, to determine if the plaintiff's medical expenses had in fact been paid. Defendant claims that it did not know which medical bill was in dispute until after suit was filed; however, defendant made no attempt to contact plaintiff or his attorney to find out what medical bills were unpaid. Defendant had a duty to pay what was justly owed; plaintiff had no duty to grovel and beg for payment of what was justly owed.
Defendant made a clerical error which, at some point, it had an obligation to find and correct. Certainly, after non-payment of plaintiff's medical bills was twice brought to defendant's attention it had a duty to further investigate. The majority would allow this defendant to unreasonably hide behind their own clerical error until sued. The majority would encourage indifference and carelessness, on the part of defendant who clearly owed worker's compensation benefits, to deny payment of those benefits under the guise of a clerical error. The majority finds that defendant only had a duty to correct its own error when sued and to then be free of accountability for its own error.
There are many situations in which the courts have imposed a duty to investigate on a worker's compensation insurer. In Gobert v. Aetna Cas. and Sur. Co., 509 So.2d 544 (La.App. 3 Cir.1986), conflicting medical reports required further investigation before terminating compensation benefits. In Lutz v. Jefferson Parish School Bd., 503 So.2d 106 (La.App. 5 Cir.1987), a doctor's report stating claimant was probably entitled to benefits required further investigation before terminating compensation benefits. In Johnson v. Insurance Co. of North America, 440 So.2d 1385 (La. App. 3 Cir.1983), reversed on other grounds, 454 So.2d 1113 (La.1984), this court stated that subsequent to an initial medical report, if an insurer receives medical information showing that a disability remains, the insurer has a duty to investigate.
When a defendant, as here, receives a letter from a plaintiff's attorney bringing its attention to a plaintiff's unpaid medical bills, then several months later receives a notice from the Office of Worker's Compensation that there is a dispute over payment of the same plaintiff's medical expenses, the defendant should not be allowed to continue to hide behind its own clerical error, after making only a cursory check of its own erroneous records, to continue to not pay the plaintiff's medical bills. If defendant did not know what medical bills were unpaid, it certainly had a duty to investigate, by contacting the plaintiff or his attorney, after being informed a second time there was a dispute over payment of plaintiff's medical expenses. Defendant's failure to investigate, beyond looking at its own erroneous records, and discover plaintiff's unpaid medical bills and pay them should render it liable for penalties and attorney's fees when suit is then filed seeking payment of the unpaid medical bills.
It is not required that an action be intentional to be arbitrary and capricious under R.S. 23:1201.2. See, Harrison v. Chicago Mill & Lumber Co., 446 So.2d 843 (La.App. 2 Cir.1984). The purpose of this statute is to discourage employers and insurers from assuming attitudes of indifference toward injured employees. Eaton v. General Acc. Group, 292 So.2d 773 (La.App. 4 Cir.1974). The majority's encouragement of calloused indifference of employers and insurers to payment of a claimant's medical expenses they are legally obligated to pay, by denying penalties and attorney's fees, defeats *1076 the very purpose of our worker's compensation laws.
For the foregoing reasons, I dissent.