634 So.2d 1271 (1994)
Rosie WHITE, Plaintiff-Appellee,
v.
LOUISIANA STATE PENITENTIARY, Defendant-Appellant.
No. 93-770.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1994.
*1272 Darrel Dee Ryland, Joseph Blaise Treuting, Marksville, for Rosie White.
Michael Thomas Johnson, Alexandria, for Louisiana State Penitentiary.
Before DOUCET, YELVERTON and SAUNDERS, JJ.
YELVERTON, Judge.
This is an appeal by the Louisiana State Penitentiary, the employer, in a worker's compensation case from a ruling by the hearing officer, Office of Worker's Compensation, finding that the employer unreasonably reclassified the claimant, Rosie White, as a recipient of Supplemental Earnings Benefits from temporary total disability benefits, and awarded penalties and attorney's fees. We affirm.
The case was submitted to the hearing officer on stipulations and briefs on December 6, 1991. Judgment was rendered on December 11, 1992. The accident in this case happened on September 15, 1985, and the Worker's Compensation Law in effect on that day governs. The case was presented to the hearing officer on a stipulation of facts. The stipulation is in the record. Attached to it, as part of it, is a written report of Bob A. Gisclair, a rehabilitation expert who did a vocational evaluation of the claimant at the request of the State, and rendered his report on July 15, 1991. Also attached were the medical records.
The reasons for judgment of the hearing officer are in writing. The reasons show that the hearing officer properly restricted her decision to the stipulation of facts, and to the undisputed contents of the attachments to the stipulation. The well articulated reasons for judgment also demonstrate that the hearing officer properly restricted her application to the law as that which existed on September 15, 1985.
We have carefully examined the stipulation of facts and the attachments thereto, and the law in effect at the time of this accident. We find that the hearing officer correctly applied the law to these facts. There is no clear error in any of the findings of the hearing officer, and there is no abuse of discretion in the hearing officer's determination that penalties and attorney's fees are owed. Because we find that the hearing officer correctly interpreted the stipulated facts, and correctly applied the law, we quote with approval the entirety of her opinion:
This matter arises out of a claim for workers' compensation benefits filed on behalf of claimant, ROSIE WHITE. The matter was submitted on stipulations and briefs December 6, 1991.
Claimant sustained an injury on September 15, 1985 when he slipped and fell on a dormitory floor being cleaned by inmates at the Louisiana State Penitentiary, where he was working as a security guard. Claimant retired on August 1, 1986. Mr. White received temporary total disability benefits in the amount of $254.00 per week through October 5, 1987. Benefits were then reclassified as supplemental earnings benefits and payments were made at the same rate until February 18, 1990. Benefits were terminated pursuant to R.S. 23:1221(3)(d)(iii).
At issue are: (1) the right of defendant to change the classification of benefits to supplemental earnings benefits and then terminate benefits in February 1990 after 104 weeks of SEB payments, (2) the effect of claimant's retirement under Breaux vs. Travelers, 526 So. 2d 284 (La.App. 3 Cir. 1980 [1988]) if claimant is entitled to SEB, and (3) penalties and attorney fees.

*1273 For purposes of entitlement to SEB, the employee must prove by a prepondernance [sic] of the evidence that his injury rendered him unable to earn 90% or more of his preinjury wages. The burden then shifts to the employer to show the claimant is physically capable of work and that work is available in a reasonable geographic region.
Medical records indicate that Mr. White has remained under the continuous care of Dr. Robert Po, orthopaedist, since the date of the accident at work. The records indicate chronic low back strain with left leg radiculitis.
The Vocational Rehabilitation expert retained by the State, Bob Gisclair, indicates that claimant is not a candidate for rehabilitation and is not a candidate for any form of gainful employment considering his age, education, work experience and physical and mental limitations.
Mr. White retired after all annual leave and sick leave with his employer was exhausted and he remained unable to return to work. He presently receives monthly retirement benefits of $492.24.
R.S. 23:1221(2)(a) provides that an employee is permanently and totally disabled when he is permanently disabled from engaging in any self employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training and experience.
Clear and convincing evidence in the form of the stipulations of the parties, the medical records of Dr. Po, an orthopaedist, and the report of the defendant's vocational rehabilitation consultant, indicates that Mr. White is physically unable to engage in any employment or self employment, regardless of the nature or character of that employment, notwithstanding the location or availability of same. Additionally, Mr. White has only a 5th grade education and is 68 years old. Other than his employment at Angola State Penitentiary as a prison guard, his only work history has been that of a medium to heavy manual laborer.
The defense has given no reasonable reason why benefits were coverted [sic] from temporary total disability benefits to supplemental earnings benefits. It can only follow that benefits were converted so that the defense could take advantage of R.S. 23:1221(3)(d)(iii), which provides for termination of SEB after retirement and after 104 weeks. The legislature did not intend that the statute be used to justify a change in classification of benefits to SEB, as the defense seeks to do in this case.
Without a change in medical condition or the identification of a job available which claimant can perform, the defendant has no basis on which to change the classification from temporary total disability benefits to supplemental earnings benefits. In this case, the change in classification resulted in no change in the amount of benefits.
Because the Hearing Officer has determined that the defendant is not entitled to change the claimant's classification of benefits to SEB, the effect of claimant's retirement under Breaux, supra is not appropriate for consideration.
The preponderance of the evidence indicates that claimant has been and continued to be totally disabled. Temporary total disability benefits should have been paid from October 7, 1987 through July 15, 1991, the date the vocational rehabilitation consultant determined that Mr. White is unemployable. Permanent total disability benefits should have been instituted from July 15, 1991 and should be paid until there is a change in medical condition.
Because this Hearing Officer has found that the issue of classification of claimant's benefits has not been reasonably controverted and has been done without any reasonable basis whatsoever, statutory penalties are awarded. Attorney fees are also awarded in the amount of $1,500.00.
In their briefs on this appeal, the parties make reference to deposition testimony, social security benefits, and other matters which are not part of the stipulation and therefore not properly before us. Also, reference *1274 is made to amendments to the worker's compensation law which were made after the date of this injury. We are unable to consider any of these matters.
White has answered the appeal asking for additional attorney's fees for work done at the trial court level and additional work necessitated by this appeal, as well as attorney's fees and damages for an alleged frivolous appeal. We find that the appeal was not frivolous. The attorney's fee of $1,500 awarded at the trial level is not so low as to have been an abuse of discretion. We award an additional $750 attorney's fees for this appeal. Costs, to the extent that the State may be required to pay same, are assessed against appellant.
AMENDED TO INCREASE ATTORNEY'S FEES; OTHERWISE AFFIRMED.