676 So.2d 681 (1996)
Anthony HENRY, Plaintiff-Appellee,
v.
BOLIVAR ENERGY CORPORATION and Credit General Insurance Company, Defendants-Appellants.
No. 95-1691.
Court of Appeal of Louisiana, Third Circuit.
June 5, 1996.
Nolan Gerald Edwards, Lafayette, for Anthony Henry.
Michael Glenn Hodgkins, Lake Charles, for Bolivar Energy Corporation.
Before DOUCET, C.J., and SULLIVAN and GREMILLION, JJ.
*682 SULLIVAN, Judge.
Defendants, Bolivar Energy Corporation (Bolivar) and Credit General Insurance Company (Credit General), appeal an award of workers' compensation benefits at the maximum rate of $319.00 per week, penalties of $2,000.00, and attorney fees of $2,000.00 in favor of plaintiff, Anthony Henry. Henry has answered the appeal, seeking additional attorney fees for work performed on appeal. We affirm as amended below.

Facts
Henry was injured on December 7, 1993, while working as a derrick hand on a drilling platform. The accident occurred when an elevator block smashed Henry's right hand, resulting in the eventual amputation of his right index finger. The compensability of the accident and Henry's disability are not in dispute in these proceedings. Here, the parties cannot agree on the calculation of Henry's average weekly wage.
Henry worked for Bolivar from May of 1993 until he was injured in an automobile accident unrelated to his employment on September 23, 1993. After missing approximately two months of work because of the injuries sustained in that accident, he was rehired by Bolivar on November 22, 1993. The accident that is the subject of this appeal occurred in the third week after Henry returned to work.
Henry was employed on a "seven on/seven off" schedule. In the first week after returning to Bolivar, he accrued 101 hours: eight hours at a regular rate of $5.00 per hour, forty-nine hours at a regular rate of $7.80 per hour, and forty-four hours of overtime at $11.70 per hour. A bonus of $101.00 brought his gross earnings for that week to $1,038.00. He did not work for the next seven days, returning on December 7, 1993. He injured his hand after accruing fifteen hours that day, with his wage rate for those fifteen hours at $7.80 per hour.
Credit General paid Henry's medical expenses and temporary total disability benefits (TTD), later converting the compensation payments to supplemental earnings benefits (SEB). At some point, a dispute arose over the calculation and classification of Henry's disability benefits. On February 10, 1995, Henry's attorney demanded that Credit General pay Henry past due benefits calculated at the maximum rate of $319.00 per week from the date of the accident and that Henry again be placed on TTD because of an impending surgical procedure. In response, Credit General admitted that it had miscalculated Henry's benefits from the outset of the claim, but it still insisted that Henry was not entitled to the maximum rate. Rather, Credit General contended that, based upon an average weekly wage of $312.00, Henry's TTD weekly rate should be only $208.00.
On April 7, 1995, Henry filed a disputed claim for compensation, with the matter being submitted on briefs on September 20, 1995. The hearing officer issued written reasons on October 17, 1995, agreeing with Henry that his average weekly wage was $519.00, resulting in the maximum compensation rate of $319.00 per week. The hearing officer also found the defendants arbitrary and capricious in failing to pay this amount and awarded penalties of $2,000.00 and attorney fees of $2,000.00. From this ruling, Bolivar and Credit General appeal, and Henry has answered the appeal.
Average Weekly Wage
La.R.S. 23:1021(10)(a) provides in part:
(10) "Wages" means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows:
(a) Hourly wages.
(i) If the employee is paid on an hourly basis and the employee is employed for forty hours or more, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the accident or forty hours, whichever is greater; ....
Bolivar and Credit General contend that Henry's average weekly wage must be computed at forty hours times the hourly rate of $7.80, or $312.00, because Henry's total hours worked (116) in the two weeks and one day since his return when averaged over four weeks, are less than forty hours. Henry responds that defendants' method of calculation *683 fails to account for his substantial overtime hours and his bonus.
It is well settled that overtime and bonuses are to be considered in the calculation of a claimant's average weekly wage. Daigle v. Sherwin-Williams Co., 545 So.2d 1005 (La.1989); Allor v. Belden Corp., 393 So.2d 1233 (La.1981); Harris v. The Langston Co., Inc., 94-1266 (La.App. 3 Cir. 4/5/95); 653 So.2d 789, writ denied, 95-1178 (La. 6/23/95); 656 So.2d 1020.
In Fusilier v. Slick Construction Co., 94-11 (La.App. 3 Cir. 6/1/94); 640 So.2d 788, the claimant had only been employed for three weeks before his injury, but he had accrued over twenty hours of overtime in the second and third weeks of his employment. Similarly, in Vincent v. Justiss Oil Co., Inc., 94-329 (La.App. 3 Cir. 11/2/94); 649 So.2d 508; writ denied, 94-2869 (La. 1/27/95); 650 So.2d 242, the claimant, a drilling roughneck, had been employed for only ten days before his injury. In that time, however, he had accrued 118 hours. In both cases, this court declined to apply La.R.S. 23:1027(10)(a) in such a manner as to deny the claimants credit for their overtime wages. We stated in Fusilier at 94-11, p. 6; 640 So.2d at 792:
The language of the statute indicates the legislature's intent to provide the worker with the maximum hours available by using the greater of an average of four weeks work or the wage at forty hours. Under normal circumstances, a worker who completes four full weeks will have overtime considered in the average as well. However, as in this case, if four full weeks are not completed and a forty hour week is used, the claimant unfairly receives nothing for any overtime he might have worked.
We find Price v. Fireman's Fund Ins. Co., 502 So.2d 1078 (La.1987), cited by defendants, to be distinguishable from both the instant case and from the cases cited above. In Price, the claimant had also been employed less than two weeks before he was injured. However, he had worked no overtime in those weeks; in fact, he had worked so few hours that the issue became whether he "regularly and at his own discretion, works less than 40 hours per week" such that his actual earnings and not wages based on a minimum of forty hours would be averaged over four weeks. La.R.S. 23:1021(10)(a)(ii). Price is an example of how the statute is interpreted such that the claimant is given the benefit of the maximum hours available. Other cases cited by defendants, such as Skinner v. Boise Southern Co., 364 So.2d 223 (La.App. 3 Cir.1978), are also distinguishable in that those claimants apparently did work the four full weeks immediately preceding their accidents.
In Vincent, 649 So.2d 508, we stated, "The statute clearly instructs us to calculate an employee's weekly wage by using the hours worked in the four weeks worked before the accident, i.e., it is assumed the employee has worked for the employer for at least four weeks." Id., at p. 3; 649 So.2d at 510. The fourth circuit in Breuhl v. Hercules Concrete Pumping, Inc., 94-2311 (La.App. 4 Cir. 5/16/95); 656 So.2d 1055, adopted a similar interpretation, rejecting the defendants' claim that the plaintiff's hours should be averaged over four weeks that included two vacation weeks and one week in which the plaintiff worked less than six hours. The court stated, "[W]e fail to find that the information relied on by defendants shows `the four full weeks' which plaintiff worked prior to his accident." Id., at p. 8; 656 So.2d at 1059.
In the instant case, Henry had returned to his same position after two months away because of unrelated injuries. Prior to the automobile accident, Henry had regularly worked for Bolivar since May of 1993, clocking between 90 and 140 hours in each two-week pay period. He also received bonuses that ranged from $200.00 to $300.00 every other pay period. This pattern continued upon his return. In his first week back, his overtime hours amounted to forty-three percent of his total hours, and he received a bonus of $101.00. On the day that he was injured, he had accrued fifteen hours before the accident.
Considering the above, we find no error in the hearing officer's calculation of an average weekly wage of $519.00, resulting in the maximum weekly compensation rate of $319.00.

*684 Penalties and Attorney Fees
Bolivar and Credit General next contend that the hearing officer erred in assessing penalties and attorney fees because defendants relied upon a reasonable interpretation of La.R.S. 23:1021(10)(a)(i) in calculating Henry's benefits and because those benefits were first calculated before this court rendered its decision in Fusilier, 640 So.2d 788. Alternatively, defendants contend that the award of $2,000.00 in attorney fees is excessive, considering that the matter was submitted on briefs before the hearing officer. Henry seeks additional attorney fees for defending this appeal.
The factfinder's decision to award penalties and attorney fees is essentially a question of fact which should not be reversed unless it is clearly wrong. Danzey v. Evergreen Presbyterian Ministries, 95-167 (La. App. 3 Cir. 6/7/95); 657 So.2d 491. The instant case is virtually indistinguishable from Fusilier and from Vincent, 650 So.2d 242. Additionally, Henry's benefits were calculated a second time after the rendition of Fusilier, which decision the insurer specifically declined to follow. Under these circumstances, we find no abuse of discretion in the hearing officer's decision to award penalties and attorney fees.
In White v. Louisiana State Penitentiary, 93-770 (La.App. 3 Cir. 3/2/94); 634 So.2d 1271, this court affirmed an award of attorney fees of $1,500.00 as not so low as to have been an abuse of discretion, where the case was submitted before a hearing officer solely on briefs and stipulations. We also awarded an additional $750.00 in attorney fees on appeal. In the instant case, we find no abuse of discretion in the $2,000.00 awarded by the hearing officer, and we award an additional $500.00 in attorney fees for the preparation of this appeal.

Decree
For the above reasons, the ruling of the Office of Workers' Compensation is affirmed and amended to award an additional $500.00 in attorney fees. Costs of this appeal are assessed to appellants, Bolivar Energy Corporation and Credit General Insurance Company.
AFFIRMED AS AMENDED AND RENDERED.