796 So.2d 903 (2001)
Lawrence SOILEAU
v.
R & H REFRACTORY SERVICES, INC.
No. 01-0355.
Court of Appeal of Louisiana, Third Circuit.
October 3, 2001.
*904 Michael Benny Miller, Miller & Miller, Crowley LA, Counsel for Plaintiff/Appellant/Appellee Lawrence Soileau.
Kevin Joseph Koenig, Raggio, Cappel, Chozen & Berniard, Lake Charles, LA, Counsel for Defendant/Appellant/Appellee R & H Refractory Services, Inc., Gallagher-Bassett.
Court composed of NED E. DOUCET JR., Chief Judge, and OSWALD A. DECUIR and MARC T. AMY, Judges.
DECUIR, Judge.
Lawrence Soileau filed this workers' compensation suit against his employer, R & H Refractory Services, Inc., after sustaining a work related knee injury. Soileau received compensation and medical benefits, but he disputed the amount of weekly indemnity payments calculated and paid by R & H Refractory.
After a hearing, the workers' compensation judge increased the amount of weekly benefits to the statutory maximum of $367.00, awarded two $2,000.00 penalties in favor of Soileau, and awarded $9,700.00 in attorney's fees based on a statement submitted by Soileau's attorney. Both Soileau and R & H Refractory have appealed. Soileau contends the trial court erred in finding his average weekly wage to be $535.00; rather, he argues that overtime wages and other benefits should be included for an average weekly wage of at least $815.00. Soileau also urges this court to increase the amount of attorney's fees awarded by the trial court, from $9,700.00 to $13,135.00, and to award additional fees for work performed on appeal.
R & H Refractory also raises the question of Soileau's average weekly wage as calculated by the trial judge. Additionally, R & H urges this court to reverse the *905 judgment insofar as it was rendered against an unnamed insurer not before the court. R & H disputes the award of penalties and attorney's fees, contending both that a good faith defense was presented and that the awards are too high and should be decreased.

Average Weekly Wage
Soileau was employed by R & H Refractory on an as-needed basis. He was hired for certain jobs, and once each job was completed, he was assigned to another job or would find work elsewhere. Soileau had worked for R & H at least since 1998 and had worked a total of five weeks between February and April of 1999.
Soileau started a job in De Ridder for R & H on April 13, 1999. It was completed a few days later, and he went to another job in Beaumont where he was injured on April 21, 1999. At the time, Soileau's rate of pay was $10.00 per hour, and if he worked overtime, $15.00 per hour.
When calculating the appropriate compensation rate after Soileau's injury, R & H used his average pay from the five most recent weeks that Soileau had worked for the company. Thus, R & H calculated the average weekly wage to be $487.90, resulting in a compensation rate of $325.29 per week, which has been paid since the time of injury.
Conceding that this method of calculating the average weekly wage is not specifically authorized by statute, R & H now contends that the proper calculation is that articulated in La R.S. 23:1021(10)(a)(i), which provides:
(10) "Wages" means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows:
(a) Hourly wages.
(i) If the employee is paid on an hourly basis and the employee is employed for forty hours or more, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the accident or forty hours, whichever is greater....
Based upon the forty-hour presumption, Soileau's average weekly wage would be $467.50, resulting in a compensation rate of $311.64. Alternatively, R & H urges us to correct the trial court's mathematical error wherein the court awarded compensation in an amount not equal to 662/3% of what was found to be an average weekly wage of $535.00. (535 × 66.66% = 356.63, not 367 or above.)
By contrast, Soileau argues that his average weekly wage is at least $815.00, an amount which reflects overtime hours that he worked immediately prior to the accident. He further suggests that in calculating the average weekly wage, we should include fringe benefits and per diem payments given to R & H employees on the De Ridder job. At the very least, Soileau contends that the weekly wage calculation should be based on Soileau's earnings, including overtime, in the last full week which he worked prior to the accident. According to the wage records submitted into evidence, Soileau earned $670.00 in the pay period beginning April 12 and ending April 18, 1999.
Our review of the jurisprudence leads us to conclude that the most equitable calculation to be utilized in the unique circumstances presented herein is to average the wages from the full weeks worked out of the last four. See Henry v. Bolivar Energy Corp., 95-1691 (La.App. 3 Cir. 6/5/96), 676 So.2d 681, writ denied, 96-1749 (La.10/11/96), 680 So.2d 644. Soileau worked only one full week out of the four preceding his injury. Therefore, we will use his wages from that week, including overtime wages, and we hold that his average weekly wage is $670.00. Accordingly, *906 we affirm the finding that Soileau is entitled to the maximum compensation rate of $367.00 per week.

Penalties and Attorney's Fees
The trial court assessed R & H Refractory a $2,000.00 penalty for the failure to timely pay the first installment of indemnity benefits. R & H noticed the mistake on its own, not at the urging of Soileau or his counsel, and immediately paid the delinquency. Although it is evident that neither Soileau nor his attorney noticed the missing payment, it is likewise clear that R & H failed to make the payment as a result of its own carelessness. Therefore, given the mandatory nature of the penalty provision provided at La.R.S. 23:1201(F), we affirm the penalty assessed for this mistake.
The trial court also assessed R & H an additional $2,000.00 penalty for failing to properly calculate the amount of indemnity benefits owed to Soileau. We reverse that assessment because we find no factual or legal justification for the imposition of a second penalty against the employer in this case. The calculation of Soileau's average weekly wage presented a unique factual scenario, one that was confronted incorrectly by both the employer and the employee as well as the trial judge. Additionally, we know of no legal basis for the assessment of multiple penalties for one compensation claim. See Dubois v. Louisiana Forest Industries, 98-895 (La.App. 3 Cir. 12/9/98), 722 So.2d 409, writ denied, 99-0049 (La.2/26/99), 738 So.2d 586 and McLaughlin v. Hill City Oil Company, 97-577 (La.App. 3 Cir. 10/8/97), 702 So.2d 786, writ denied, 97-2797 (La.2/13/98), 706 So.2d 994.
On the question of attorney's fees, the trial court awarded $9,700.00 based on an affidavit submitted by Soileau's counsel. While we agree that Soileau is entitled to an award of attorney's fees under La.R.S. 23:1201(F), we point out that the award must be reasonable and find the amount granted herein to be exorbitant. The prosecution of this matter resulted in a judgment of past due compensation totaling less than $4,000.00. Preparation for the hearing involved one set of interrogatories and one deposition; no medical questions were at issue and the court reporter amassed a transcript of twenty-nine pages. Given the minimal amount of work required in the prosecution of this matter, we amend the attorney's fee award in favor of Soileau to $4,000.00. We decline to award additional fees for the prosecution of this unsuccessful appeal.

Judgment Against Insurer
Both Soileau and R & H Refractory agree that the trial court judgment should not have been rendered against the unnamed excess insurer of R & H. As there is nothing in the record to support a judgment against the insurer, we reverse that portion of the judgment as requested.

Decree
For the above and foregoing reasons, we affirm the award of indemnity benefits in favor of Lawrence Soileau and amend the penalty and attorney's fee awards to $2,000.00 and $4,000.00, respectively. Judgment is rendered solely against the employer, R & H Refractory Services, Inc., and not its insurer.
REVERSED IN PART, AFFIRMED IN PART AND AMENDED.