640 So.2d 788 (1994)
Todd FUSILIER, Plaintiff-Appellant,
v.
SLICK CONSTRUCTION COMPANY, et al., Defendants-Appellees.
No. 94-11.
Court of Appeal of Louisiana, Third Circuit.
June 1, 1994.
*790 Michael Benny Miller, for Todd Fusilier.
Leah Hipple McKay, for Slick Const.
Before KNOLL, THIBODEAUX and SAUNDERS, JJ.
THIBODEAUX, Judge.
This is a workers' compensation case. Todd Fusilier appeals the judgment of a hearing officer with the Louisiana Office of Workers' Compensation denying him supplemental earnings benefits, penalties and attorney fees. His ex-employer, Slick Construction Company, and its insurer, Liberty Mutual Insurance Company, appeal penalties assessed against them by the hearing officer for failure to timely produce medical records and failure to pay all of Fusilier's medical bills.
For the following reasons, we affirm the denial of SEB and the award of penalties of $250.00 for defendant's failure to timely produce medical records, award attorney's fees of $1,000.00 for that same violation, and reverse the penalty award of $750.00 for Liberty Mutual's failure to pay all of the medical bills. And, finally, we award additional compensation benefits of $154.77.

ISSUES
Fusilier raises the following issues:
1) Whether he is entitled to SEB due to a job-related back injury;
2) Whether the benefits he received were properly calculated; and
3) Whether defendants were arbitrary and capricious.
Defendants raise the following issues:
1) Whether they were arbitrary and capricious in failing to pay the full amount of Dr. Heard's medical bill; and
2) Whether they were arbitrary and capricious in failing to produce Fusilier's medical records within the statutorily mandated time.

FACTS
On October 2, 1990, Fusilier fell into a hole while in the course and scope of his employment with Slick. He immediately complained of pain in his knee, upper thighs, groin and pelvis area. He was examined by Dr. Brian Heinen on the day of the accident and was initially diagnosed with a hamstring pull. He was examined by Dr. Heinen again on October 5, and a hernia was discovered. He was then scheduled for surgery with a Dr. Landreneau. Prior to the operation, he complained to Dr. Landreneau about back pain and x-rays were taken which revealed no objective findings. However, a preoperative exam revealed a second hernia, and both were repaired successfully.
Some complications arose from the surgery and Fusilier was referred to a urologist. He was dissatisfied with the urologist and asked to be and was examined by another physician, a general practitioner, Dr. Manuel. Dr. Heinen released him to light duty work on November 6, 1990. On November 21, 1990, the temporary total benefits were terminated. On November 27, Dr. Manuel issued a written report to Slick affirming that Fusilier was capable of light duty work. Slick offered him light duty work at the same hourly wage and the same hours as before the accident. On December 3, 1990, he rejected the offer and either quit or was terminated.
Fusilier then searched for and found work. For six to seven months he delivered parts for Craig's Automotive; he worked briefly as a mechanic for Superior Tune; and, finally, as a laborer for Gulfgate Marine until January of 1993.
*791 Fusilier filed a claim for benefits, penalties and attorney fees against defendants in January 1992. In July of 1992, he was examined by Dr. Michael Heard who found no objective evidence of a back injury but related whatever back pain suffered by Fusilier to the October 2 accident. Dr. Heard was of the opinion that Fusilier could not work as a laborer but could do light duty work based on his subjective complaints of back pain.
The matter went before the hearing officer who determined that Fusilier did not prove he suffered from a job-related back injury or that he was incapable of making at least ninety percent of his pre-injury wages. The hearing officer did assess penalties of $750.00 against defendants for failing to pay $95.00 of a $400.00 medical bill submitted by Dr. Heard. She also assessed penalties of $250.00 against defendants because they failed to submit medical records to Fusilier within the time mandated by statute. No attorney fees were awarded.

LAW AND ANALYSIS

I. Injury & Benefits
Fusilier claims he is owed SEB from November 21, 1990 until present. The court recently summarized the purpose of supplemental earnings benefits in Allen v. City of Shreveport 618 So.2d 386, 388 (La. 1993):
Supplemental earnings benefits were established in 1983 as a method of replacement of lost wages for partially disabled employees. The benefits are designed to replace lost earning capacity of workers who do not fall under the definition of total disability. When an injured employee is able to engage in a gainful occupation, but because of his work-related disability is unable to earn wages at the level he was earning prior to his injury, he is classified as partially disabled. And when the partial disability reaches the level that the employee is unable to earn wages equal to ninety percent or more of the wages he was earning at the time of the injury, he is entitled to supplemental earnings benefits, calculated according to a formula relating to his pre-injury wages and the wages he `is able to earn' in any employment or self-employment after the injury. La.Rev.Stat. 23:1221(3)(a). (Footnote omitted).
Claimant bears the initial burden of proving by a preponderance of the evidence that a work related injury prevents him from earning ninety percent or more of his pre-injury wages. Tassin v. CIGNA Insurance Company, 583 So.2d 1222 (La.App. 3d Cir.1991). Where the claimant has been released to light duty work and refuses his employer's offer of light duty work at the same wage and hours, he is not entitled to SEB. Augustine v. Paul Well Truck Line, Inc., 603 So.2d 770 (La.App. 3d Cir.), writ denied, 608 So.2d 193 (La.1992); Tanner v. International Maintenance Corporation, 602 So.2d 1133 (La.App. 1st Cir.1992).
The record holds two revelations fatal to Fusilier's case. The first is that he was offered a light duty position by Slick at the same wage and hours. He rejected this position without attempting to perform the work offered. The second is that he held three jobs in which he was paid at least the same hourly wage (and, in one instance more), and for at least five months earned as much or more than he was earning at Slick. Furthermore, he voluntarily quit these jobs for reasons unrelated to health problems. Not only does this evidence prove he is capable of performing a job in which he makes at least ninety percent of his pre-injury wage but it proves he actually worked at jobs making as much or more than his pre-injury wage. We can think of no better defense against payment of SEB under the circumstances of this case.
The hearing officer found that Fusilier suffered neither a work-related nor a disabling back injury. Her findings were based on the absence of objective evidence of a back injury and the fact that, although Dr. Heard related Fusilier's back pain to the October 2 accident, the relation was based solely on Fusilier's subjective complaints and his version of events.
The factual findings of the hearing officer are afforded great discretion and will not be disturbed absent manifest error. Gotte v. Magnum Electric Co., Inc., 628 So.2d 1168 (La.App. 3d Cir.1993). Our review *792 of the record reveals the hearing officer's conclusions to be reasonably based on the evidence. SEB was properly denied.

II. Calculation of Benefits
Fusilier claims the benefits actually paid were erroneously calculated. La.R.S. 23:1021(10)(a)(i) states:
(10) "Wages" means average weekly wage at the time of the accident.
The average weekly wage shall be determined as follows:
(a) Hourly wages.
(i) If the employee is paid on an hourly basis and the employee is employed for forty hours or more, his hourly wage rate multiplied by the average hours worked in the four full weeks preceding the date of the accident or forty hours, whichever is greater;
Fusilier did not complete four full weeks of work with Slick. The first week he logged thirty-two and a half hours, the next two weeks were full forty hour weeks and the week he was injured he worked twenty-one hours. During the two complete weeks that Fusilier worked, he put in twenty-one and a half hours overtime. The hearing officer adopted the calculation method utilized by Liberty Mutual, which based compensation on Fusilier's regular pay in a forty hour week without regard to his overtime. Liberty Mutual justified the calculation by pointing out that Fusilier had not completed four full weeks of work as is apparently necessary under the statute. Fusilier contends that calculation of SEB should have been based on an average of the hours worked in those two complete weeks, including overtime. We agree.
The nature of workers' compensation law requires a liberal construction of the statute. The language of the statute indicates the legislature's intent to provide the worker with the maximum hours available by using the greater of an average of four weeks work or the wage at forty hours. Under normal circumstances, a worker who completes four full weeks will have overtime considered in the average as well. However, as in this case, if four full weeks are not completed and a forty hour week is used, the claimant unfairly receives nothing for any overtime he might have worked.
We believe the proper calculation is to divide the regular and overtime hours worked in the two weeks by two to determine the average of each worked in one week. From that, we determine the weekly compensation benefit as follows:

40 regular hours × $4.25 = $170.00
10.75 overtime hours × $6.37 = $ 68.48
---------------------------------------------
Average weekly wage = $238.48
66 2/3% × $238.48 = $158.98

This amount is $22.11 higher than what was paid by the insurer. Consequently, that amount is owed for each week Fusilier was paid compensation. Compensation was paid from October 4 to November 21, 1990, or seven weeks. Seven weeks at $22.11 equals owed compensation benefits of $154.77. Accordingly, we render judgment in favor of Fusilier in that amount.

III. Penalties and Attorney's Fees
Fusilier contends defendants were arbitrary and capricious in failing to allow him to choose a physician; in failing to pay for follow up treatment with Dr. Heard; in failing to approve a C.T. scan; and, for failing to pay SEB after November 21, 1990.
The record does not support Fusilier's claim that he was denied the opportunity to choose a physician. In fact, it reveals Fusilier never requested a specific physician and thus was never denied the opportunity to visit his choice.
Fusilier's complaints of back pain were neither work-related nor disabling. The record reveals no objective evidence of a back injury, including the medical testimony and records of Dr. Heard. Neither was there evidence of a psychologically-induced *793 disabling back pain. Where a reasonable basis for denying payment of benefits or medical treatment exists, the employer or his insurer cannot be arbitrary and capricious. Terro v. WMCO, Inc., 619 So.2d 639 (La.App. 3d Cir.1993). A reasonable basis existed to deny Fusilier further examination and treatment for his alleged back injury.
We do find a basis for penalties and attorney fees for Liberty Mutual's violation of La.R.S. 23:1125, which requires an employer to furnish a claimant with a copy of his medical report within thirty days of written request. Of particular importance is the following language:
Any employer who without just cause fails to furnish such a report to an employee so requesting same within the thirty day period provided above shall be liable to the employee for a civil penalty in the amount of $250.00, plus a reasonable attorney's fee for the collection of such penalty.
Defendants admit the medical record was not supplied within thirty days but argue penalties and fees are not warranted because a motion to compel was not filed. Our interpretation of the statute is a failure to comply with the deadline without just cause subjects the employer automatically to the penalty and reasonable attorney fees regardless of whether a motion to compel was filed. Defendants have offered no proof of a "just cause." Accordingly, the hearing officer was correct in awarding the penalty.
The hearing officer committed error, however, in failing to award attorney fees. That the statute was violated is clear. The penalty and attorney fees language of the statute is mandatory. Thus, we render an attorney's fee award in favor of Fusilier and against defendants in the amount of $1,000.00. See, Vollenweider v. New Orleans Public Service, Inc., 466 So.2d 804 (La.App. 4th Cir.), writ denied, 468 So.2d 577 (La.1985).
Finally, defendants answered this appeal and claim the hearing officer erred in assessing a $750.00 penalty for failure to pay the complete bill owed to Dr. Heard. The evidence established that Dr. Heard's bill totalled over $400.00 and all but $95.00 was unquestionably paid. The claims adjuster for Liberty Mutual testified that a payment schedule had been misapplied to Dr. Heard's bill and non-payment of the full amount was a mistake Liberty Mutual would correct. She stated that Dr. Heard made no request for the unpaid amount to Liberty Mutual. There is no evidence in the record to indicate requests for payment of the unpaid balance were made of Fusilier.
In King v. Travelers Insurance Company, 553 So.2d 1072 (La.App. 3d Cir.), writ denied, 558 So.2d 570 (La.1989), this court affirmed dismissal of a compensation claimant's suit for penalties and attorney fees where the insurer failed to pay a $373.00 medical bill due to clerical error. We emphasized that a mere clerical error does not relieve an insurer of its obligation to pay bills and focused on whether the insurer exhibited an indifference to payment once the mistake was brought to its attention. In the present case, the unpaid total was $95.00. The testimony established that no demand was made for the remaining sum.
We conclude Liberty Mutual was not arbitrary and capricious in failing to pay the remainder of Dr. Heard's bill. We find it to be a mistake for which Liberty Mutual accepts responsibility and has agreed to correct. Accordingly, we reverse the hearing officer's award of $750.00 in penalties.

CONCLUSION
For the foregoing reasons, the judgment of the hearing officer denying Todd Fusilier's request for supplemental earnings benefits is affirmed along with the award of $250.00 in penalties for failure to timely provide medical records. The judgment awarding Fusilier $750.00 in penalties is reversed. Finally, the judgment is amended to reflect an award of $1,000.00 to Fusilier for attorney fees against defendants, Slick Construction and Liberty Mutual Insurance Company, and of $154.77 on the amount owed Fusilier as a result of erroneously calculated weekly compensation benefits. All parties to this appeal shall share equally in its cost.
AMENDED AND, AS AMENDED, AFFIRMED IN PART; REVERSED IN PART AND RENDERED.