hAMY, Judge.
Plaintiff, Timothy Griffith, appeals a judgment of the Office of Worker’s Compensation. The hearing officer refused to consider hours worked, including overtime, after the date of injury in the calculation of the total temporary disability benefits due claimant. For the reasons which follow, we affirm the hearing officer’s judgment.
DISCUSSION OF THE RECORD
In this case before the Louisiana Office of Worker’s Compensation, the parties stipulated to all facts and submitted the matter to the healing officer on written briefs. The stipulations reflect that plaintiff, Timothy Griffith, was hired by defendant, Ohmstede, Inc., on February 9, 1995, to work at least 45 hours per week. The parties agreed that Griffith was to receive $10.25 per hour for regular hours worked and $15.40 for overtime hours. During his first week of work for Ohmstede, Griffith worked 35.3 regular hours and did not complete any overtime hours.
|2The parties further stipulated that, on February 14, 1995, a brake assembly cover for an overhead crane fell and hit Griffith in the back and that this injury occurred in the course and scope of plaintiffs employment. In the two weeks following the accident, Griffith continued to work for Ohmstede and completed not only his scheduled forty hours per week, but overtime hours as well. The record further reflects that from February 28 to March 6,1995, Griffith worked eighteen regular hours and zero overtime hours. He then ceased work due to increased pain.
The parties stipulated that beginning March 13, 1995, Ohmstede paid weekly temporary total disability benefits to Griffith. The benefits paid by Ohmstede were in the amount of $273.33. Ohmstede asserts, without controversy, that this sum was based upon an average weekly wage of $410.00, arrived at by multiplying the forty hours of an average work week by claimant’s hourly wage of $10.25, as required by. La.R.S. 23:1021(10)(a)(i).
In this ease, Griffith asked the Office of Worker’s Compensation to decide whether the hours, including overtime hours, worked after the accident should be considered in the calculation of his benefits. The hearing officer ruled that the post-injury hours are not “to be considered in determining the amount of temporary total disability benefits owed.” The hearing officer went on to conclude that La.R.S. 23:1021(10)(a)(i) “specifically qualifies the calculation of wages using the wé'eks preceding the accident.”
Griffith now appeals. His sole assignment of error is that the hearing officer erred in failing to consider post-injury hours in the calculation of the temporary total disability benefits. Griffith contends that La.R.S. 23:1021(10)(a)(i) should be liberally construed to include the post-injury hours comjoleted and, alternatively, that Rthe date of the .work-related “accident” should be March 6, 1995, the day he became “economically disabled” or, in other words, the day he ceased work due to pain.
LAW
Griffith asserts that the hearing officer erred in refusing to consider his post-injury hours and wages in determining his average weekly wages. In support of his argument, Griffith relies on Fusilier v. Slick Construc *525 tion Co., 94-11 (La.App. 3 Cir. 6/1/94), 640 So.2d 788, 792, where this court found that the nature of worker’s compensation law requires “liberal construction” of. the statute when defining wages on which benefits are calculated. Griffith contends that the hearing officer should have used this “liberal construction” and included post-injury hours worked in the application of La.R.S. 23:1021(10)(a)(i).
The amount of benefits due Griffith is calculated using La.R.S. 23:1021(10)(a)(i) which provides:
(10) “Wages” means average weekly wage at the time of the accident.
The average weekly wage shall be determined as follows:
(a) Hourly wages.
(i) If the employee is paid on an hourly basis and the employee is employed for forty hours or more, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the accident or forty hours, whichever is greater ...
(emphasis added).
As La.R.S. 23:1021(10)(a)(i) directly addresses the issue before us, the instant ease is one of application of a clear and unambiguous statute, rather than interpretation of an ambiguous law. While it is true that Fuselier advises that the worker’s compensation statutes be liberally construed, the statute under consideration clearly provides that the hours worked for the weeks “preceding” the accident should be considered in calculating the benefits, not the work completed following the Laccident or the date of “economic disability” as is argued by the plaintiff. See Fusilier, 640 So.2d 788. We also note that Fuselier is further distinguishable from the present case in that all of the hours considered in that earlier case were completed prior to the accident. Id.
With regard to the issue before us, we find that the legislature’s intent is clear from the precise wording of the statute. If a law is clear and unambiguous, “no further interpretation may be made in search of the intent of the legislature.” La.Civ.Code art. 9; See Moore v. Gencorp, Inc., 93-814 (La.3/22/94), 633 So.2d 1268. The statute allows for the consideration of only the hours worked preceding the accident. Accordingly, we conclude that the hearing officer did not err in refusing to consider post-injury hours in the calculation of Griffith’s temporary total disability benefits.
DECREE
For the foregoing reasons, the decision of the hearing officer is affirmed. Costs of the appeal are assessed against appellant, Timothy Griffith.
AFFIRMED.