SAUNDERS, Judge.
In this workers’ compensation case, the employer appeals the judgment of the hearing officer awarding claimant supplemental earnings benefits. The claimant answers the appeal, urging that the hearing officer erred in not classifying him as permanently totally disabled and in failing to address the issue of the employer’s liability for penalties and attorney’s fees. We affirm.

FACTS

Claimant, Willis Landry, was employed by the City of New Iberia for at least seven years as a heavy equipment operator. On February 27,1989, he sustained | ^severe lower lumbar injuries in the course and scope of his. employment while attempting to lift boards from a concrete form. Claimant’s injuries ultimately required that he undergo surgery, a hemilaminectomy at L4-5 performed by Drs. Robert Rivet and Louis Blan-da on November 8,1989.
After the surgery, Drs. Blanda and Rivet referred the claimant to Dr. Daniel Hodges, a board certified physician in Physical Medicine and Rehabilitation. Dr. Hodges has been Mr. Landry’s primary treating physician since December 1991, except during an interim period from July 1992 through November 1994 when, while practicing elsewhere, he referred claimant to Dr. Robert Franklin who practiced in the same specialty.
The present controversy arose in February 1996 when the employer offered the claimant a sedentary job in which he would be the person responsible for tools and materials in the city barn tool room. Claimant and the City Personnel Director have testified contradictorily concerning the requirements and expectations of the job, although the latter did indicate that the job was to be full-time. It is undisputed that claimant engaged in light or sedentary work for a short period, met with the City Personnel Director, but did not continue for long. The employer maintains that claimant should be penalized for his failure to attempt the job longer and that it would be willing to adapt the position offered to suit claimant’s physical limitations. Claimant maintains that the hearing officer properly concluded that the position could not be adapted.
Prior to trial, the parties stipulated to the following:
(1) The plaintiff was injured in a work-related accident in the course of and arising out of his employment on February 27,1989;
(2) Plaintiff’s average weekly wage was $278.44, and plaintiff has received workers’ compensation disability bene *566 fits at the correct rate of $185.61 per week;
13(8) On November 1,1993, plaintiffs benefits were converted to supplemental earnings benefits (SEB) at the rate of $798.12 per month (4.3 x $185.61);
(4) On February 25, 1995, plaintiffs benefits were discontinued by the defendant because of an offer of employment;
(5) Since July 1, 1995, the plaintiff has received disability retirement benefits from the Municipal Employees’ Retirement System of Louisiana at the rate of $447.52 per month, which benefits were funded 43.59% by the defendant.
After considering the evidence presented, the hearing officer rendered judgment in which he concluded that claimant had made his case for SEB benefits, but declined to award a wage offset for the tool shed position the employer claims it offered him in good faith.[1] From this judgment, the employer appeals, urging that the hearing officer erred in awarding the claimant SEB benefits. It maintains that claimant is entitled to no benefits at all since he failed to attempt in good faith the position tendered by his employer. Claimant answered his employer’s appeal, urging that he is permanently totally disabled and entitled to penalties and attorney’s fees.

THE EMPLOYER’S APPEAL: SEB ANALYSIS

In Daigle v. Sherwin-Williams, 545 So.2d 1005, 1006-1007 (La.1989), the Louisiana Supreme Court succinctly outlined the relevant questions for determining eligibility for SEB and who bears the burden of proof in such a ease.
The particular statute at issue in the instant case is La.R.S. 23:1221(3), the supplemental earnings benefits provision. “The threshold prerequisite to the recovery of supplemental earnings benefits, as set forth in subparagraph (3)(a) is that the employee’s injury result in his ‘inability to earn wages equal to ninety percent or more of the wages he was earning at the time of the injury.’ ” Payne v. Country Pride Foods, Ltd., 525 So.2d 106, 109 (La. App. 3d Cir.1988). The injured employee thus bears the burden of proving by a preponderance of the evidence that the injury resulted in his inability to earn that amount.
UOnce the plaintiff has met his initial burden of proving entitlement to SEB, it becomes incumbent upon the employer to prove its entitlement to reduce the employee’s SEB rate from its maximum, which is identical to the amount of compensation due a temporarily totally disabled worker.
[T]he employer, if he wishes to contend that the employee is earning less than he is able to earn, bears the burden of proving that the employee is physically able to perform a certain job and that the job was offered that the employee or that the job was available to the employee in his or the employer’s community or reasonable geographic region.
Daigle v. Sherwin-Williams, 545 So.2d at 1008-1009.
If the employer succeeds in doing so, the employee can preserve his right to SEB by establishing by clear and convincing evidence that he cannot perform the tendered employment as a result of substantial pain. La.R.S. 23:1221(3)(c)(ii).
The standard of review in workers’ compensation cases was set forth in Freeman v. Poulan/Weed Eater, 93-1530 (La. 1/14/94); 630 So.2d 733, 737, as follows:
In a workers’ compensation case, as in other cases, the appellate court’s review is governed by the manifest error or clearly wrong standard. Bruno v. Harbert International Inc., 593 So.2d 357, 361 (La.1992). A court of appeal may not set aside a trial court’s or a jury’s finding of fact in absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Stobart v. State through DOTD, 617 So.2d 880, 882 (La.1993). The appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a *567 reasonable one, after reviewing the record in its entirety. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987); Rosell, supra; Stobart, supra. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable evaluations of fact-should not be disturbed upon review where conflict exists in the testimony. Rosell, supra; Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Stobart, supra.
Mr. Joe Boyles, the Public Works Director for the City of New Iberia, testified by deposition regarding the City of New Iberia’s efforts to return the plaintiff to a | smodified job after his accident. The position offered to Mr. Landry was a full-time position paying $6.28 per hour as a storeroom operator/tool caretaker and would allow Mr. Landry to earn more than 90% of his pre-accident wage. According to Mr. Boyles, the job would not require Mr. Landry to carry equipment from or to the storeroom, but rather entailed Mr. Landry’s ascertaining what items, including tools, equipment, materials, and supplies, were signed out by employees, who then could be held accountable for the item’s return. Boyles was not there to see Mr. Landry attempt his makeshift duties, but nonetheless conveyed his second-hand impression that Mr. Landry “pushed some papers” with a clerical assistant, never starting his new job before leaving with complaints of pain. Citing Fusilier v. Slick Construction Company, 94-11 (La. App.3 Cir. 6/1/94); 640 So.2d 788, the defendant suggests that the law is clear that where a workers’ compensation claimant has been released to light-duty work and refuses his employer’s offer of such work at the same wages and hours, he is not entitled to continue to receive SEB. Consequently, defendant asserts that we should reverse the hearing officer’s award of benefits.
While Mr. Landry does not argue with the meaning of the Fusilier case, he suggests that his circumstances do not warrant its application. His description of his experience with the job offered him by his former employer differs markedly from that offered by Mr. Boyles. According to Mr. Landry, when he arrived ten minutes before 7 a.m., the hour he was told his duties would commence, Mr. Boyles was not present and no one offered him any guidance; in-fact, no one gave either him or the other work crews any guidance for the two and a half or three hours he waited for Mr. Boyles. To fill his time, Mr. Landry volunteered his services to a secretary separating yellow and white “gas tickets.” When he finally was brought by a foreman to meet Boyles, he was advised by Mr. Boyles that if he could not work eight hours 16a day and forty (40) hours a week, it would be a waste of both of their time to continue the discussion. Claimant further denies that his employer ever offered to accommodate him on the job or ever expressed a willingness to allow him the frequent absences that he knew his condition would require.[2] The claimant, an illiterate seventh grade drop-out, further reminds us of the medical experts recognizing Mr. Landry’s limitations in sitting, standing and lifting objects.
Based on the conflicting versions of events, we decline to upset the conclusion of the hearing officer, who had an opportunity to witness for himself Mr. Landry’s demeanor before concluding that the job offered Mr. Landry, in fact, was too painful for him to • accomplish. Moreover, the record reveals that Mr. Landry did attempt to fulfill his modified job.[3] The hearing officer was not clearly wrong in determining that the employer was not entitled to an offset for the wages it claims to have offered him.

CLAIMANT’S ANSWER TO APPEAL

Permanent Total Disability Benefits:

Initially, claimant maintains that he is entitled to permanent total disability bene *568 fits, rather than the SEB benefits he was awarded. We disagree. To be entitled to such benefits, it is incumbent upon the injured worker to establish with clear and convincing evidence that he will be disabled from ever again returning to work. La.R.S. 23:1221. In this ease, the evidence falls far short of making such a showing, particularly in view of the 1989 amendments to the Workers’ Compensation Act. For ^instance, while Dr. Louis Blanda, who performed the surgery on Mr. Landry, suggested in a letter dated June 13, 1991, that Mr. Landry would be [temporarily] “totally disabled from returning to any type of manual labor,” he further stated that “[a]t some time in the future, if his conditioning program is successful, he may be capable of sedentary or light duty activities.”[4] Thus, Dr. Blanda recognized that Mr. Landry could potentially return to sedentary or light-duty activities. Additionally, both Dr. Franklin in 1992 and Dr. Hodges in 1995 recognized that claimant could physically attempt light and sedentary labor from a spinal function standpoint, but that his actual ability to perform such work would depend upon his overall condition at the particular moment in time.
Based on the preceding evidence, the hearing officer concluded that claimant failed to demonstrate that he would be forever disabled from returning to work. We find no manifest error in this conclusion. Consequently, we affirm the finding of the hearing officer that Mr. Landry is ineligible to receive permanent total disability benefits. See, e.g., Breaux v. Travelers Ins. Co., 526 So.2d 284 (La.App. 3 Cir.1988).[5]

Penalties and Attorneys Fees:

Plaintiffs 1008 claim form set forth the following issue to be determined by the Office of Workers’ Compensation:
1 «Whether employer/insurer has arbitrarily and capriciously terminated benefits and/or reduced benefits, and whether employee is entitled to benefits either as totally and permanently disabled or as supplemental earning benefits and/or as temporary total benefits and/or temporary partial benefits.
In his final assigned error, claimant argues that the hearing officer erred in failing to decide one way or the other whether or not he was entitled to an award of penalties and attorney fees.
Mr. Landry maintains that he is entitled to penalties and attorney fees because the employer knew or should have known that he was permanently totally disabled, yet nonetheless insisted that Mr. Landry attempt to return to work. Citing La.R.S. 23:1201, Schouest v. J. Ray McDermott & Co., 411 So.2d 1042 (La.1982) and Penn v. Wal-Mart Stores, Inc., 93-1262 (La.App. 3 Cir. 6/15/94); 638 So.2d 1123, claimant points out that sanctions are due where an employer lacks sufficient factual and medical information to reasonably counter such information presented by the claimant. Having already found claimant not entitled to permanent total disability benefits, we decline to award penalties and attorney fees on this basis.
As previously mentioned, Mr. Landry was entitled to SEB benefits, however his employer discontinued paying claimant SEB on the basis of his ability to perform the duties of the position it offered him. Claimant now maintains that his employer should be held liable in penalties and attorney fees for the discontinuing payment on February 25,1995.
In order to avoid an award of penalties, the employer must demonstrate that the insurer has reasonably controverted the right to benefits. La.R.S. 23:1201F(1). The employee’s right to such benefits will be deemed reasonably controverted if the employer or *569 insurer had a reasonable basis for believing that medical expenses and compensation benefits were not due the employee. Arriaga v. Reliance Ins. Co. of 9Illinois, 564 So.2d 832 (La.App. 3 Cir.1990); Chelette v. American Guarantee and Liability Insurance, Inc., 480 So.2d 363 (La.App. 3 Cir.1985).
In the present case, as noted by the hearing officer, the medical evidence demonstrated that the claimant was a symptom magnifier. In addition, two of claimant’s doctors signed a job analysis for a sedentary job such as the one offered by the employer. This evidence reasonably controverts the claimant’s entitlement to benefits, and therefore, we find that an award of statutory penalties is not warranted.
Worker’s compensation claimants are entitled to reasonable attorney fees when an employer arbitrarily, capriciously or without probable cause discontinues benefits. La. R.S. 23:1201.2. Considering the aforementioned evidence, the City’s action in discontinuing benefits was not arbitrary or capricious. Therefore, an award of attorney fees is not warranted.

DECREE

For the foregoing reasons, the judgment of the hearing officer is affirmed and it is ordered that all costs on appeal be borne by the City of New Iberia, defendant-appellant herein.
AFFIRMED.

. The hearing officer did grant the employer a La.R.S. 23:1225 offset for the pension or disability benefits that the claimant received. This finding was not appealed.

. According to Mr. Landiy, with his injuries he could not work for long periods; on good days, he could only stand a few hours per day before being compelled to his recliner by pain and fatigue and directly to bed on bad ones.

. In view of our holding, the hearing officer's finding that the claimant was physically unable to perform the tool shed position, we need not consider claimant's argument that his illiteracy also precludes him from performing the duties he otherwise would have been assigned. See Pinkins v. Cardinal Wholesale Supply, 619 So.2d 52 (La.1993).

. Dr. Blanda did hasten to add, however, the following: "However, at this point he is still temporarily disabled from gainful employment.”

. Although claimant did not alternately seek temporary total disability benefits, we observe that the fact that the hearing officer was not clearly wrong in concluding that claimant could return to work, even in pain, would have disposed of this allegation, as recovery of TTD benefits (unlike SEB) also requires clear and convincing evidence that an injured worker is unable to engage in any employment, even in pain.
In view of our having found that claimant's employer is not entitled to an offset, the principal significance of the classification of claimant’s case is the duration of his benefits. Unlike TTD benefits which may run indefinitely, SEB is intended to run no more than 520 weeks, or ten years.