JIMMIE C. PETERS, Judge.
In this workers’ compensation case, Betty L. Cooley appeals a judgment rendered by Charlotte L. Bushnell, Workers’ Compensation Judge for District Four,[1] denying her claim against her former employer, K-Mart Corporation, for supplemental earnings benefits, penalties and attorney fees. Ms. Cooley, who was employed as a service desk associate, sustained a work accident on August 17, 1996, when she attempted to pull two carts apart and fell backward against a rail. Thereafter, she presented to her treating physician at various times with various complaints including pain in her right shoulder, neck, mid back, lower back, and right and left leg as well as numbness and tingling in her left leg. Ms. Cooley’s treating physician prescribed medication and physical therapy.
After cancelling twice, Ms. Cooley finally underwent a functional capacity evaluation (FCE), which revealed that she was capable of working light duty. However, the following was reported in connection with the FCE: “A significant amount of inconsistent effort occurred during the screening for Symptom Magnification. This may indicate that some of the data produced was unreliable.” In fact, Ms. Cooley had “exhibited inappropriate responses in 12 of 15 tests (80%).”
In accordance with the FCE, on August 27, 1997, Ms. Cooley’s treating physician released her to light-duty work with lifting, crawling, bending, and twisting restrictions. He noted the eighty-percent symptom magnification, “making the test somewhat unreliable.” Nevertheless, the doctor noted that even “with that in mind she still was able to function at a light duty level.”
In the meantime, K-Mart had instituted temporary total disability benefits in the amount of $240.00 a week based on an average weekly wage of $360.00. The | ^average weekly wage was calculated on the basis of the full-time presumption of La.R.S. 23:1021(10)(a)(i), ie., 40 hours/ week x $9.00/hour = $360.00, and not on the basis of the average actual hours worked. In fact, prior to the work accident, K-Mart had reduced its full-time employees’ work hours to thirty-two hours a week because it could not meet its salary budget.
Upon her return to work, K-Mart offered Ms. Cooley a position at the same pay rate, $9.00/hour, working the same hours, thirty-two hours a week. There is conflicting testimony about whether she was initially assigned to her former position as a service desk associate or assigned to work out on the “floor.” According to Ms. Cooley, she would have been able to perform the work at the service desk. It is not disputed that at some point Ms. Cooley was ultimately assigned to work out on the “floor.” She testified that her duties on the “floor” were “[m]uch more physical” than her duties at the service desk. However, K-Mart’s human resource manager testified that the service desk duties were “very physically demanding.” Additionally, K-Mart’s assistant manager in charge of the department in which Ms. Cooley was ultimately assigned explained that Ms. Cooley was moved to his department because of her restrictions. *767 Both of these managers testified about efforts made to accommodate Ms. Cooley.
Ms. Cooley continued working for K-Mart until June 1, 1998, when she retired. She has worked for other employers at various times since her retirement, but for wages less than she was able to earn while working for K-Mart. According to Ms. Cooley, her retirement from K-Mart had nothing to do with her work injury or ability to work.
Ms. Cooley seeks supplemental earnings benefits for the period from |3September 1997, when she returned to work, through May of 1998, when she retired, in the amount of $63.44 per week, or two-thirds of the difference between her average weekly wage of $360.00 (based on the forty-hour presumption) and what she asserts she averaged after the work accident, $264.84 a week. She additionally seeks supplemental earnings benefits at a zero-base earning capacity from June of 1998 “continuing until such time as K-Mart can establish that [she] is able to earn ninety percent of her pre-accident average weekly wage.”
Importantly, the employee, not the employer, initially bears the burden of proving, by a preponderance of the evidence, that her injury resulted in her inability to earn ninety percent or more of her preac-cident wages. La.R.S. 23:1221(3)(a); Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551. Only after the employee has met her burden of proof does the burden shift to the employer, who, in order to defeat the claim for supplemental earnings benefits or establish the employee’s earning capacity, must prove by a preponderance of the evidence that the employee is physically able to perform a certain job and that the job was offered to the employee or available to the employee in her or the employer’s community or reasonable geographic region. La.R.S. 23:1221(3)(c)(i); Banks, 696 So.2d 551.
There were serious credibility issues in this case, and credibility calls are the function of the trier of fact. See Bruno v. Harbert Int’l Inc., 593 So.2d 357 (La.1992). Ms. Cooley exhibited a “significant amount of inconsistent effort” during the screening for symptom magnification in the FCE so that it is not even clear’ how reliable the FCE data actually is.
Even assuming the reliability of the FCE results indicating that light-duty work |4is the appropriate level for Ms. Cooley, K-Mart did offer Ms. Cooley light-duty work at the same rate of pay and same hours as before the work accident. In fact, in the thirty-seven full weeks that she worked following her return after the accident, K-Mart allowed Ms. Cooley to work at least thirty-two hours a week, and she did so in all but seven of those weeks. In one of those weeks, the week before Christmas, she managed to work seventy-two hours. Nevertheless, Ms. Cooley claims she averaged only $264.84 after her return to work, and she seeks supplemental earnings benefits based on the difference between that amount and the amount of her average weekly wage calculated on the basis of the forty-hour presumption.
Our calculations reveal that Ms. Cooley earned over ninety percent of her preacei-dent wages, even using the forty-hour presumption. In any event, even assuming Ms. Cooley’s proposed postaccident wage calculation is accurate, she has cited no authority for her position that she is entitled to supplemental earnings benefits based on the forty-hour presumption when she returned to her job at the same pay rate and hours, and we have found no support for her position. Further, according to Ms. Cooley, her voluntary retirement from K-Mart had nothing to do with *768 her work injury or ability to work, and she has worked at other jobs since her retirement. We have held that “[wjhere the claimant has been released to light duty work and refuses his employer’s offer of light duty work at the same wage and hours, he is not entitled to SEB.” Fusilier v. Slick Constr. Co., 94-11, p. 4 (La.App. 3 Cir. 6/1/94), 640 So.2d 788, 791. Thus, we affirm the workers’ compensation judge’s denial of Ms. Cooley’s claim for supplemental earnings benefits. Concomitantly, we reject Ms. Cooley’s claim for penalties and attorney fees for K-Mart’s failure to pay supplemental earnings benefits.
^DISPOSITION
For the foregoing reasons, we affirm the judgment below and assess costs of this appeal to Betty L. Cooley.
AFFIRMED.

. The name of the workers’ compensation judge and the compensation district are provided in compliance with Acts 2001, No. 593, § 1, effective August 15, 2001.