STEWART, J.
| jDefendants-Appellants, Randall Well Service and American Interstate Insurance Company, are appealing a motion for summary judgment granted in favor of Plaintiff-Appellee, William Upchurch. For the reasons discussed below, we affirm the lower court’s judgment.
*501 FACTS
On January 3, 2001, Upchurch began working for Randall Well Service. He was injured on January 9, 2001, in an accident arising out of and in the course and scope of his employment. At the time of his injury, Upchurch had worked a total of 70 hours, at an hourly rate of $9.00/hr. He earned $765.00, which included 40 regular hours and 30 overtime hours.
American’s adjuster accepted Up-church’s claim and began paying indemnity and medical benefits immediately. American initially calculated Upchurch’s average weekly wage (“AWW”) to be $765.00.[1] During the 354 weeks following Up-church’s accident, American paid Temporary Total Disability (TTD) benefits totaling $93,120.00 and Supplemental Earning Benefits (SEB) totaling $40,128.00, which amounted to $133,248.00 in indemnity benefits.
Mark Pryor, who was a new benefits adjuster employed by American and who was assigned to Upchurch’s claim, made the decision to terminate Upchurch’s indemnity payments in September 2007. Pryor determined that American’s previous adjuster overpaid Upchurch, when he mistakenly calculated Upchurch’s AWW by only using his earnings during the week of 12the injury. Based on this calculation, they contended that the cumulative total of overpayment was $48,048.00, which was about $12,000.00 more than the total amount of worker’s compensation benefits that Upchurch was eligible to receive. Randall and American claimed entitlement to a credit for the overpayment. Pryor stated in his affidavit that Upchurch was eligible for 166 more weeks of SEB benefits, but was only entitled to $28,248.22.
On February 19, 2008, Upchurch filed a disputed claim concerning the termination of his indemnity benefits. On July 21, 2008, Upchurch filed a motion of summary judgment on the issue of his AWW. American filed its motion for summary judgment on August 8, 2008.
The Worker’s Compensation Judge (“WCJ”) rendered his judgment in favor of Upchurch and found that his AWW was $765.00. He also determined that La. R.S. 23:1021 does not apply to the instant case. Upchurch was awarded $2,000.00 in penalties and $2,000.00 in attorney’s fees, after the WCJ found no legal basis for ceasing benefits and claiming overpayment. The WCJ also stated that Randall and American should have sought permission from the court before unilaterally ceasing indemnity payments. The WCJ found that their actions were “arbitrary and capricious.” Randall and American now appeal.
LAW AND DISCUSSION
Randall and American raise two assignments of error in their appeal. In the first assignment, they argue that the WCJ erred in basing his ruling solely on the hours worked by Upchurch during the week of injury, since La. R.S. 23:1021 states that the hours worked during the week of the injury | sshouId be disregarded when calculating the AWW. Randall and American contend in the second assignment of error that the WCJ erroneously disregarded all other factors when he based his calculation of the AWW solely on the hours worked during the week of Up-church’s injury, since number of hours worked in the week of injury bears no relation to the normal work schedule and earnings, and are entirely beyond the control of either employer or employee. *502 Since both of these issues relate to the WCJ’s calculation of the AWW, we will discuss them together.
In a worker’s compensation case, the appellate court’s review of fact is governed by the manifest error or clearly wrong standard. Harrison v. Auto King, 2003-1620 (La.App. 1 Cir. 5/14/04), 879 So.2d 796; Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733.
The nature of worker’s compensation law requires a liberal construction of the statute. Fusilier v. Slick, 94-11 (La.App. 3 Cir. 6/1/94), 640 So.2d 788.
La. R.S. 23:1021(12)(a)(i) states:
The average weekly wage shall be determined as:
(a) Hourly wages.
(1) If the employee is paid on an hourly basis and the employee is employed for forty hours or more, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the accident or forty hours, whichever is greater.
The language of La. R.S. 23:1021 indicates the legislature’s intent to provide the worker with the maximum hours available by using the greater of an average of four weeks work or the wage at forty hours. Id. Under |4normal circumstances, a worker who completes four full weeks will have overtime considered in the average as well. Id.
As discussed in the facts section above, Upchurch did not work four full weeks preceding the date of his accident. In fact, Upchurch only worked 70 hours during the span of one week. Therefore, the WCJ had to interpret La. R.S. 23:1021 to fit this case. In doing so, the WCJ determined that this statute could not, by its own terms, apply to the instant case:
Defendant argued that the correct method should have been to use 70 hours for the first week and then to fictitiously utilize the forty-hour presumption for the following three weeks which would result in a much lower average weekly wage of $461.25. This would satisfy the four-week language of the statute. The Court disagrees with this calculation and finds that the forty-hour floor in La. R.S. 1021 does not apply.
In Fusilier, supra, the claimant presented a factually similar situation. He did not complete four full weeks of work with Slick prior to his work-related injury. In that case, the court stated:
... if four full weeks are not completed and a forty-hour week is used, the claimant unfairly receives nothing for any overtime he might have worked. We believe the proper calculation is to divide the regular and overtime hours worked in the two weeks by two to determine the average number of hours worked in one week.
Ultimately, the court in Fusilier held that the proper way to calculate an average weekly wage for someone who has not worked four full weeks was to use the actual wages divided by the actual number of weeks worked.
Randall and American argue that the OWC’s ruling sets up a situation where Upchurch may get a windfall because he worked an abnormal amount of hours during the week of injury, or in the alternative, where he may be severely penalized if he is injured early in the workweek. They contend that |5the best method is to use the average hours worked by Upchurch’s crew members to determine his AWW.
We disagree with Randall and American’s contentions and find that the WCJ did not err in his ruling. Upchurch’s AWW of $765.00 was calculated by dividing his wages by the number of weeks he worked. Since La. R.S. 23:1021 cannot be *503 applied as written, we agree that this calculation is reasonable and equitable for all parties involved in this matter. Therefore, these assignments of error are without merit.
Additionally, Randall and American also assert that the WCJ erroneously assessed penalties and attorney’s fees against them. Randall and American determined that American had overpaid Up-church $40,048.00 after determining that his AWW should have been based on a 47.5-hour work week. This 47.5-hour work week was calculated by taking the 70 hours Upchurch worked during his first week, adding three 40-hour work weeks, and diving the total by four. Randall and American argue that their determination that Upchurch’s AWW of 47.5 hours is a rational one. Therefore, penalties and attorney’s fees are inappropriate. We disagree with Randall and American’s logic for ceasing indemnity benefits.
La. R.S. 23:1201(1) states in pertinent part:
I. Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of a penalty not to exceed eight thousand dollars and a reasonable attorney fee for the prosecution and collection of such claims.
In order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base his termination of benefits.
| r)In this case, an adjuster from American established the AWW initially, and payments were made for approximately 354 weeks. Randall and American made the decision to claim overpayment and cease payments based upon their calculation of what they believe Upchurch’s AWW should have been. They have failed to provide a valid reason or present sufficient evidence upon which to base Upchurch’s termination of benefits. Therefore, their actions were arbitrary and capricious. Rather than immediately ceasing payments, Randall and American should have sought permission of the court prior to doing so.
We decline to create a bright line rule for cases in which La. R.S. 23:1021 does not apply. Our holding is limited to the facts before us. A determination as to whether this statute is applicable must be made on a case-by case basis.
CONCLUSION
For the foregoing reasons, the WCJ’s judgment is affirmed. Costs are assessed against the appellants, Randall and American.
AFFIRMED.

. Generally, Worker’s Compensation pays 66 2/3% of the employee’s AWW, which would be $509.00 in this case. However, Upchurch was subject to the legislative cap at the time of his injury, so his weekly worker’s compensation check was only $388.00 per week.