# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 20-28


**CHARLES EVANS**

**VERSUS**

**WINN LUMBER COMPANY, LLC**
**AND BRIDGEFIELD CASUALTY INSURANCE COMPANY**



\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF WINN, NO. 18-08195
JAMES L. BRADDOCK, WORKERS COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## BILLY HOWARD EZELL
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


**AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**

**H. Douglas Hunter**
**Guglielmo, Lopez**
**306 East North Street**
**Opelousas, LA 70570**
**(337) 948-8201**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Bridgefield Casualty InsuranceCompany**
    **Winn Lumber Company, LLC**

**Joseph Payne Williams**
**Williams Family Law Firm, LLC**
**162 Jefferson Street**
**Natchitoches, LA 71458**
**(318) 352-6695**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Charles Evans**

**EZELL, Judge.**

Charles Evans appeals the decision of the workers' compensation judge below denying his claims for supplemental earnings benefits (SEBs) and penalties and attorney fees. For the following reasons, we hereby affirm the decision of the workers' compensation judge in part, reverse in part, and render judgment.

Mr. Evans worked as a forklift driver at Winn Lumber Company, moving pallets of kiln-dried wood to a planer. On December 19, 2017, Mr. Evans was struck in the left eye by a stacking stick that had become entangled in a conveyor belt, severely and permanently injuring his eye. As a result of the injury, Mr. Evans is functionally blind in his left eye. It is undisputed that Mr. Evans was in the course and scope of his employment when the injury occurred.

After Mr. Evans filed a disputed claim for compensation on December 10, 2018, Winn Lumber's insurer issued a check for $48,224 for 100 weeks of disability benefits for loss of vision in his left eye pursuant to La.R.S. 23:1221(4)(i). An additional check was issued for $937 when the insurer acknowledged the initial payment failed to include bonuses. Mr. Evans proceeded with his claim, seeking SEBs, which the workers' compensation judge denied. The workers' compensation judge further denied his claims for penalties and attorney fees for the underpayment of benefits. From that decision, Mr. Evans appeals.

On appeal, Mr. Evans asserts three assignments of error. He claims that the workers' compensation judge erred in denying his claims for SEBs, in denying his claims for penalties and attorney fees, and in not awarding interest on any disability awards.

Mr. Evans first claims the workers' compensation judge erred in failing to award him SEBs at a zero earning capacity. We disagree.

The purpose of SEBs is to compensate an injured employee for the wage-earning capacity lost as a result of a work-related accident." *Lacaze v. Alliance Compressors*, 03-1566, p. 4 (La.App. 3 Cir. 4/14/04), 870 So.2d 1150, 1154 (citing *City of Jennings v. Dequeant*, 96-943 (La.App. 3 Cir. 11/5/97), 704 So.2d 264, *writ denied*, 98-610 (La. 4/24/98), 717 So.2d 1174). Initially, "[t]he injured employee bears the burden of proving, by a preponderance of the evidence, that the injury resulted in his or her inability to earn [90% or more of the average pre-injury wage] under the facts and circumstances of the individual case." *Freeman v. Poulan/Weed Eater*, 93-1530, p. 7 (La. 1/14/94), 630 So.2d 733, 739. On review, an appellate court must not re-weigh evidence or to substitute its own factual findings just because it may have decided a case differently. *Bonin v. Ferrellgas, Inc.*, 03-3024 (La. 7/2/04), 877 So.2d 89. Based on the record before this court, we cannot find error in the workers' compensation judge's determination that Mr. Evans failed to meet his burden of proof.

The workers' compensation judge did not dispute the finding of the doctors that Mr. Evans was functionally blind in his left eye, but there was little to no evidence as to how this affected or related to his ability to earn a living. While Mr. Evans' treating ophthalmologist, Dr. Patrick Redmond, was obviously concerned that Mr. Evans could have problems operating a forklift with his monocular vision, it is clear from the record that Mr. Evans performed his job for two months with no problems whatsoever, prior to being terminated for sleeping on the job. Dr. Redmond stated that he was unaware that OSHA regulations do not prohibit Mr. Evans from operating a forklift and would allow employers to determine if limited vision would be dangerous for any particular job. He did not prohibit his monocular patients from driving vehicles in general, as he deferred that to the

Department of Motor Vehicles. Moreover, Dr. Redmond did not know that Mr. Evans had successfully returned to his job, without incident, when he stated that he felt Mr. Evans could not safely operate heavy machinery.

In fact, the record shows that Mr. Evans was very much capable of working as a forklift operator at Winn Lumber after his accident, as he performed those exact duties until he was fired for cause. Mr. Evans had previously been warned that sleeping at work was a fireable offense but was given a second chance. While Mr. Evans himself testified that he had some concerns for the safety of others, he stated that he did the same work as before the injury without complaint, and with no incidents or accidents. In fact, his immediate supervisor, Billy Stewart, stated that he did a great job until his termination. His employer, Robert Schutte, testified that had he not been terminated for sleeping on the job, he would still be employed at Winn Lumber in his same position. "[A]n injured employee cannot . . . blatantly violate company policy without the possibility of recourse by the employer." *Palmer v. Alliance Compressors*, 05-478, p. 4 (La.App. 3 Cir. 11/2/05), 917 So.2d 510, 513, *writ denied*, 05-2440 (La. 3/24/06), 925 So.2d 1231. The fact that a job is no longer available to an employee solely due to his own actions terminates his entitlement to SEBs. *Id*.

There is no other direct evidence in the record concerning Mr. Evans' ability to earn 90% of his pre-injury wages. While his prospects being reduced may be a likely assumption based on Mr. Evans' education difficulties and the injury, it remains his duty as a claimant to prove reduced earning capacity in order to be awarded SEBs. After reviewing the record, we cannot find the workers' compensation judge was manifestly erroneous in ruling that he did not meet that burden.

3

Mr. Evans next claims the workers' compensation judge erred in failing to award him penalties and attorney fees for the undisputed underpayment of disability benefits. We agree.

Louisiana Revised Statutes 23:1201(F) imposes a penalty for "failure to provide payment." Penalties will not be imposed if they are "reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control." *Id.* The determination of whether an employer or insurer should be cast with penalties and attorney fees is a question of fact, subject to the manifest error or clearly wrong standard of review. *Authement v. Shappert Eng'g*, 02-1631 (La. 2/25/03), 840 So.2d 1181.

A review of the record reveals that Winn Lumber and its insurer failed to pay Mr. Evans the correct amount of disability benefits because it twice failed to take bonuses into account when it calculated his average weekly wage. Generally, penalties are not imposed for simple miscalculations of benefits, but penalties and attorney fees have been imposed where the insurer gathers incomplete data in preparing the claim. *Stegall v. J. & J Exterminating*, 94-1279 (La.App. 3 Cir. 3/1/95), 651 So.2d 400. Here, in calculating Mr. Evans' average weekly wage, Winn Lumber's workers' compensation insurance adjuster, Glen East, admittedly failed to take bonuses into account. While the insurer did issue two separate checks to make the amount correct in the end, the adjustor clearly gathered incomplete data in preparing the claim. Winn Lumber failed to offer evidence that the discrepancy was beyond its control or that Mr. Evans' right to those benefits was reasonably controverted. The workers' compensation judge was therefore manifestly erroneous in failing to award Mr. Evans penalties in the amount $2,000 for Winn Lumber's failure to pay the correct amount of disability benefits.

4

However, because Winn Lumber did quickly pay when made aware of the deficiencies with little work from counsel for Mr. Evans, we find that the attorney fees in the amount of $1,000 for the violations is sufficient. We hereby reverse the decision of the workers' compensation judge as to penalties and attorney fees and award Mr. Evans $2,000 in penalties and $1,000 in attorney fees for Winn Lumber's underpayment of benefits.

Finally, Mr. Evans claims that the workers' compensation judge's denial of his claims for benefits resulted in the workers' compensation judge not reaching the issue of interest on those benefit awards sought. Because we agree with the workers' compensation judge that Mr. Evans has not shown he is entitled to the SEBs sought, this issue is moot and need not be addressed.[1]

For the above reasons, we hereby affirm the decision of the workers' compensation judge denying Mr. Evans' claim for SEBs. We reverse the workers' compensation judge's decision denying penalties and attorney fees and render judgment awarding Mr. Evans $2,000 in penalties and $1,000 in attorney fees for Winn Lumber's underpayment of benefits. Costs of this appeal are hereby assessed against Winn Lumber.

**AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**

---

[1] Additionally, La.R.S. 23:1201.3 provides, in relevant part (emphasis ours): "*Any compensation awarded* and all payments thereof *directed to be made by order of the workers' compensation judge* shall bear judicial interest from the date compensation was due until the date of satisfaction." The 100 weeks of benefits paid by Winn Lumber was paid voluntarily and not ordered by the workers' compensation judge, who, again, awarded Mr. Evans no benefits at all.